■ In the Matter of SUSAN CHANT, Appellant, v GARY FILIP-PELLI, Respondent. [716 NYS2d 158] —Mercure, J. P. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 17, 1999, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties are the parents of a daughter, born in 1991 (hereinafter the child). An August 1997 order of Family Court granted respondent custody of the child, and she has resided

with him since that time. In March 1998, respondent sought a modification of the visitation provisions of the August 1997 custody order and petitioner in turn filed a petition seeking sole custody of the child. Following a hearing, Family Court determined that there was no substantial change of circumstances justifying a modification of the August 1997 custody order and that it was in the child's best interest to maintain custody with respondent and continue petitioner's visitation rights. Petitioner appeals.

The first consideration in any custody or visitation controversy is the best interest of the child (*see, Matter of Jelenic v Jelenic*, 262 AD2d 676, 677; *Matter of La Scola v Litz*, 258 AD2d 792, *lv denied* 93 NY2d 809), and a court should not alter any custody arrangement or modify a visitation schedule unless there has been "such a change in circumstances that modification of the arrangement is necessary to ensure the continued best interests of the child" (*Matter of Duffy v Duffy*, 260 AD2d 960; *see, Matter of La Scola v Litz, supra*, at 793). The factors to be considered in making such a determination include the duration of the present custody agreement, the relative fitness of each parent and each parent's ability to provide for the child's emotional and intellectual development (*see, Matter of Morgan v Morgan*, 261 AD2d 725, 727; *Matter of Russo v Russo*, 257 AD2d 926, 927). In reviewing a court's decision as to whether to modify a custody/visitation award, this Court should give "great deference * * * to Family Court's findings due to its unique ability to evaluate the testimony and assess the credibility of witnesses" (*Matter of Donahue v Buisch*, 265 AD2d 601, 603; *see, Matter of Russo v Russo, supra*, at 927).

We conclude that Family Court's decision is supported by a sound and substantial basis in the record and that custody of the child should accordingly remain with respondent. Although there is a demonstrated history of animosity and serious conflict between the parties, the record illustrates that both are, individually, capable parents who could provide a good home for the child (*see, Matter of Russo v Russo, supra*, at 927). Notably, the record reflects no change in the parties' relationship since the time of the August 1997 custody order and also demonstrates that under the present custody arrangement the child has been happy and has developed well, both emotionally and intellectually (*see, Matter of Risman v Linke*, 235 AD2d 861, 862).

We specifically reject petitioner's contentions that Family Court erred in crediting the testimony of the child's school

counselor over the contrary recommendation of the court-appointed psychiatric social worker or that Family Court should have accounted for the child's separation from a half-sibling who was born following the August 1997 custody order and never shared a household with the child (*cf., Matter of Ebert v Ebert*, 38 NY2d 700, 704; *Matter of Copeland v Copeland*, 232 AD2d 822, 823, *lv denied* 89 NY2d 806). Petitioner's remaining contentions have been considered and found to be unavailing.

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.