■ In the Matter of KATHERINE L. HUDSON, Appellant, v ALLYN S. HUDSON, Respondent. [717 NYS2d 666] —Mugglin, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered June 9, 1999, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties' 1996 judgment of divorce granted joint legal custody to the parties, with petitioner having physical custody and respondent having specifically delineated rights of visita-

tion. Prior Family Court proceedings resulted in orders which, *inter alia,* ordered petitioner not to consume alcohol for the eight-hour period prior to contact with the children, prohibited her intoxication in the presence of the children, and required the parties to participate in alcohol evaluations and family counseling. In 1998, petitioner filed a violation petition seeking to hold respondent in contempt for failing to participate in the court-ordered alcohol evaluation and family counseling. Petitioner also filed a petition for modification seeking sole custody of the two children and the right to relocate to Massachusetts. Respondent answered the contempt petition and cross-petitioned, seeking sole custody of the children. In November 1998, in a proceeding instituted by the children's Law Guardian because of an alleged altercation involving petitioner and two men, all of whom were intoxicated, Family Court issued a temporary custody order transferring physical custody of the children to respondent with specific visitation to petitioner. Petitioner having withdrawn her petition for modification and relocation, Family Court held a hearing with respect to her violation petition and respondent's cross petition for custody. Family Court awarded sole custody to respondent and petitioner appeals.

Initially, we reject petitioner's contentions that Family Court's decision lacks a sound and rational basis in the record, is not in the best interests of the children, and was made without the requisite showing of a change in circumstances which necessitated a change in custody. It is well settled that the best interests of the children is paramount when deciding custody, and the court must consider all relevant factors having a bearing thereon (*see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Farnham v Farnham,* 252 AD2d 675). When seeking a modification of an established custody arrangement, the petition must demonstrate a sufficient "change in circumstances warranting a real need for change in order to insure the continued best interests of the children" (*Matter of Morgan v Becker,* 245 AD2d 889, 890). While the first award of custody is an important consideration in maintaining stability in the lives of the children (*see, Friederwitzer v Friederwitzer, supra,* at 94), a change may be warranted where it is determined that the custodial parent places his or her own lifestyle desires ahead of the emotional well-being of the children (*see, id.,* at 96).

In this case petitioner's alcohol abuse and social relationships constituted a substantial change in the children's circumstances warranting a change in custody. Based on the evi-

dence, Family Court determined that petitioner had a severe problem with alcohol, she drank in violation of Family Court's previous order, she drank to the point of intoxication and she exhibited poor judgment, all of which had a negative impact on the children. The court further found that petitioner's many relationships with men caused instability in her home and evidenced her desire to place her own social agenda ahead of the welfare of her children. Moreover, the evidence demonstrated that petitioner was unemployed and planned to relocate to an undetermined location. On the other hand, Family Court found that respondent had failed to participate in family counseling as ordered, he lacked the ability to interact with his ex-wife in a civil manner, but that with respect to the children, he was attentive and caring and provided a stable and loving home environment for them.

The findings of Family Court are accorded great deference, both with respect to the facts and credibility of the witnesses, and its determinations will not be disturbed unless lacking a sound and substantial basis (*see, Matter of Barnhart v Coles*, 254 AD2d 645, 648). Ultimately, custody matters are considered to be well within the discretion of the trial court (*see, Matter of Acosta v Acosta*, 259 AD2d 747), and the function of this Court is to insure that all relevant factors were evaluated by Family Court and that its decision has a sound and substantial basis in the record (*see, id.*, at 747; *Matter of Juliano v Pollack*, 256 AD2d 668, *lv denied* 93 NY2d 803). Applying these rules, we find no basis to disturb Family Court's adjudication of a change of custody.

Next, we reject petitioner's contention that she was denied the effective assistance of counsel because her assigned attorney failed to properly prepare her for trial and failed to call material and relevant witnesses on her behalf. Our review of the record reveals that counsel assigned to represent petitioner exhibited reasonable competence in his representation (*see, Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753, 754). The assigned attorney knew her well, having represented her with respect to other Family Court disputes. We find no reason to disturb Family Court's denial of her request for new counsel. The failure to call a particular witness does not necessarily constitute ineffective assistance of counsel (*see, Matter of Morlando v Morlando*, 240 AD2d 852, 854, *lv denied* 91 NY2d 802). The assigned attorney represented to the court that he interviewed the witnesses that petitioner desired to call and concluded, based on those interviews, that their testimony would do more harm than good. Clearly, counsel's refusal to

call these witnesses to testify on petitioner's behalf was a trial strategy supported by a legitimate basis. We have examined petitioner's remaining contentions to support the claim of ineffective assistance of counsel and find them to be unsupported by the record.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.