■ In the Matter of MELVIN E. HANSON, Respondent, v JU-LIE A. HANSON, Appellant. [724 NYS2d 118] —Peters, J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered June 8, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody/visitation order.

The parties, married in 1988 and separated in September 1994, are the parents of three children born in 1989, 1992 and 1995. From the time of the parties' separation, respondent maintained a residence with the children in the Village of Earlville, Madison County, while petitioner lived approximately 40 miles away in the City of Syracuse, Onondaga County.

In March 1998, respondent filed a petition for custody, intending to relocate to Georgia with the children. A September 1998 settlement of the petition provided that sole custody would be awarded to respondent and that petitioner would have visitation at least every Sunday between the hours of 8:00 A.M. until 6:00 P.M. They further agreed, *inter alia*, that respondent could not permanently relocate the children outside of New York without the advance written permission of petitioner or Family Court. Less than 90 days after stipulating to this arrangement, petitioner sought increased visitation and, having learned of respondent's impending move to Erie County, an order restricting her move to within a 50-mile radius of Syracuse. Respondent relocated with the children to the Town of Cheektowaga, Erie County, while the application was pending.*

At the initial hearing, respondent sought to dismiss the petition by contending that there was no violation of the prior stipulated order, that she had allowed petitioner to stay in her home in Erie County whenever he exercised visitation and that the current petition failed to allege a material change in circumstances. Family Court denied respondent's motion as well as a subsequent motion made at the close of petitioner's case. While petitioner testified at trial that he was seeking full custody, Family Court maintained primary custody with respondent, but modified visitation to provide petitioner with, *inter alia*, alternate weekends; respondent was ordered to provide all transportation of the children to and from the Canastota exit of the Thruway. On all other weekends, respondent was ordered to vacate her Erie County residence from 11:00 A.M. on Saturday until 4:00 P.M. on Sunday for petitioner's sole use with the children, should he be able to travel to Erie

---

* Petitioner subsequently moved to the Village of Chittenango, Madison County.

County to exercise additional visitation. The court also awarded petitioner a nonconsecutive two-week period of visitation during the summer, again with respondent providing all transportation to and from the Canastota exit. Finally, on those years when petitioner was permitted to exercise visitation during the children's Christmas break, the scheduling of such visitation was to be determined by the calendar of the school district in which petitioner resided, rather than the calendar of the school district in which the children resided. Respondent appeals.

Despite all contentions to the contrary, we find that respondent's unilateral relocation to Erie County, increasing the visitation distance between petitioner and the children by approximately 200 miles round trip, constituted a sufficient change in circumstances for Family Court to have entertained a petition seeking a modification of its prior order (*see, Matter of Chant v Filippelli*, 277 AD2d 741, 742; *cf., Matter of Reese v Jones*, 279 AD2d 939, 939-940). Noting the deference typically accorded to factual determinations made by Family Court " 'due to its unique opportunity to assess the credibility of the witnesses' " (*Matter of Johnson v Johnson*, 279 AD2d 814, 815, quoting *Matter of Hrynko v Blaha*, 271 AD2d 714, 716), presented here was petitioner's unrefuted testimony that respondent never indicated any intention, at the time of the entry of the prior order, to move such a far distance away once the move to Georgia became moot. Testimony further revealed that petitioner had limited financial resources to facilitate long-distance visitation for short periods and that, prior to the move, he regularly exercised visitation and attended the children's school functions. Since their move to Erie County, he missed an open house in school and was forced to take one day off from work just to attend a parent-teacher conference. For these reasons, there existed sufficient evidence to support Family Court's determination not to dismiss petitioner's application either at the initial hearing or at the close of respondent's proof.

With respect to the order requiring respondent to provide all transportation to facilitate visitation with the children and, on alternative weekends, to vacate her residence should petitioner decide to exercise visitation, we iterate that the paramount concern must remain the best interests of these children under the totality of the circumstances (*see, Matter of Chant v Filippelli, supra*, at 742). Accepting the reasons articulated by respondent in support of her choice to relocate the children hours away, there appears to be no dispute that prior to the move, petitioner regularly exercised visitation and that his continued presence in their lives promotes their best interests. For these

reasons, there exists a sound and substantial basis to support Family Court's determination that respondent remain responsible for transportation (*see, Matter of Bodrato v Biggs*, 274 AD2d 694, 696). However, we find no basis to support that portion of the court's order which empowers petitioner, in his sole discretion, to require respondent to vacate her Erie County residence on alternate weekends should he decide to exercise additional visitation. Despite the fact that respondent has offered the use of her home in the past, we find the order to be unduly burdensome.

We also agree with respondent's contention that it was error to base petitioner's visitation during the Christmas break upon the schedule of the school district in which he resides as opposed to that of the children. While these children were home schooled in the past, the record reflects that they are currently attending public school. For this reason, petitioner must abide by the children's school schedule if their welfare is to remain the overriding concern.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as allowed petitioner to use respondent's residence on alternating weekends to visit with the children and which based their Christmas vacation with petitioner on the school calendar of the Chittenango High School; and, as so modified, affirmed.