■ In the Matter of LORETTA S. MEOLA, Appellant, v FRANK A. MEOLA, Respondent. [754 NYS2d 458] —Spain, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 11, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties executed a separation agreement in October 1997 which was incorporated but not merged in their judgment of divorce entered in Oneida County on June 3, 1998. The agreement provides for shared "joint legal and physical custody" of their two children, Anthony (born in 1989) and Frank (born in 1992), with the children spending from Monday afternoon until Friday morning during the school year with respondent and from Friday afternoon until Monday morning with petitioner. During the summer months, the children have been spending weekdays with petitioner and weekends with respondent. Prior to their separation and divorce, the children resided with the parties in the marital dwelling in the City of Utica, Oneida County. After their separation, respondent purchased petitioner's interest in the marital dwelling and he continues to reside there with his current wife and their infant son, Jacob (born in 2000), and his wife's nine-year-old son, Trevor. Petitioner eventually moved to a home that she purchased and renovated in Canastota, Madison County (approximately 45 minutes away), where she has been residing with her boyfriend of four years.

Petitioner commenced this proceeding seeking to modify the custody arrangement requesting primary physical custody of Anthony and Frank alleging that since the divorce, there has been a change in circumstances in that Anthony and Frank

were required to change bedrooms in respondent's home to accommodate Trevor and Jacob, resulting in Anthony sleeping by himself in an inadequate bedroom in the basement, that the time respondent spends with Anthony and Frank has decreased in quality and quantity due to his new marriage and the additional children in his life, that respondent pleaded guilty to a felony in 2000 and is now on five years' probation, that Anthony has developed a nail-biting habit and a rash, that both children are not getting sufficient sleep at respondent's home, that respondent has used inappropriate methods in disciplining Anthony and that respondent is not willing to communicate with petitioner about matters concerning their children. After a two-day fact-finding hearing, Family Court denied petitioner's application concluding that although petitioner had established a "more than adequate change in circumstances," it was—nonetheless—in the best interests of Anthony and Frank for the current custodial agreement to continue. Petitioner appeals.

While "the best interests of the children is the primary consideration in a child custody matter" (*Matter of Morgan v Becker*, 245 AD2d 889, 890; *see Matter of Hudson v Hudson*, 279 AD2d 659, 660; *Matter of Chant v Filippelli*, 277 AD2d 741, 742; *Matter of Russo v Russo*, 257 AD2d 926, 927), "the alteration of an established custody arrangement will be ordered only on a sufficient showing of a change in circumstances warranting a real need for change in order to insure the continued best interests of the children" (*Matter of Morgan v Becker, supra* at 890). In determining whether circumstances require a modification, courts must be guided by "a number of factors 'including the quality of the parents' home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development' " (*id.* at 890, quoting *Matter of Irwin v Neyland*, 213 AD2d 773, 774; *see Matter of Chant v Filippelli, supra* at 742; *Matter of Russo v Russo, supra* at 927). Notably, great deference is accorded to Family Court, as it is in the best position to evaluate credibility having observed the parties during the hearing (*see Matter of Hudson v Hudson, supra* at 661; *Matter of Chant v Filippelli, supra* at 742; *Matter of Russo v Russo, supra* at 927; *Matter of Morgan v Becker, supra* at 890), and it is the function of this Court "to insure that all relevant factors were evaluated by Family Court and that its decision has a sound and substantial basis in the record" (*Matter of Hudson v Hudson, supra* at 661). If there is such a basis in the record, then Family Court's determination should not be

disturbed (*see id.* at 661; *Matter of Morgan v Becker, supra* at 890).

Here, while Family Court made a nominal finding that petitioner had demonstrated a change in circumstances, it did not find that the best interests of the children warranted a change in custody. Upon our review of the record, we conclude that petitioner failed to establish a change in circumstances so significant as to warrant a modification of the existing custody arrangement. In reaching this conclusion, we find ample support in the record for Family Court's findings—which were based, in part, on an in camera interview of each of the children—that both parents are "caring and fit parents," that Anthony's basement bedroom and school arrangements in Utica were appropriate, that neither child suffered from inadequate sleep and both were in good health, and that the caring support and attention provided to them by respondent and his parents who live close by are positive factors in their lives.

This Court shares Family Court's expression of some concern about respondent's inappropriate use or threat of corporal punishment, including "a light cuffing" of Anthony. However, we find support in the record for the court's conclusion that these isolated incidents were not as serious as petitioner had claimed and for the court's belief in respondent's awareness of his parental shortcomings and his expressed intent to use—and his subsequent use of—more appropriate methods of disciplining his sons. The issue of respondent's conviction on one felony count of conspiracy in the fourth degree (Penal Law § 105.10)—to which he paid a fine and was placed on five years' probation and for which the sentencing court issued a certificate of relief from disabilities (*see* Correction Law art 23)—was not fully developed. The record is silent regarding the details of the offense or how or whether it has had any significant impact on respondent's role as a parent. Finally, while there is evidence in the record—other than the in camera interview—that the children expressed a preference to live primarily with petitioner, their desire was fully considered but is not dispositive (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173; *Matter of Clark v Dunn*, 195 AD2d 811, 814; *Matter of Van Gorder v Van Gorder*, 188 AD2d 1049, 1050; *Matter of Whitney v Whitney*, 162 AD2d 810, 811). According Family Court the deference to which it is entitled, we do not find that its decision to continue the current custody arrangement lacks a sound and substantial basis in the record.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.