■ In the Matter of CHRISTOPHER CROCKER, Respondent, v DEBORAH G. CROCKER, Appellant. [761 NYS2d 716] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered April 10, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

The parties, who divorced in August 2000, are the parents of one child, a son born in 1995. Their stipulation regarding custody was incorporated into an order of Family Court and provided for joint legal custody with respondent having primary physical custody. In March 2001, petitioner sought to modify the order to give him primary physical custody. He alleged various changes in circumstances, including that the child had been repeatedly absent from school, respondent suffered mental health problems and she failed to properly supervise the child. Following a trial, Family Court found that the child had missed excessive time from school and that the reasons given by respondent for the absences were not credible. The court further found that the evidence established that the primary reason the child was missing so much school was because respondent had an unhealthy enmeshment with the child and she sometimes kept him out of school because she needed to be with him. The court noted that the psychological evaluations recommended a change in physical custody. Petitioner's request for modification was granted and the court transferred primary physical custody to petitioner during the school year, with respondent having primary physical custody during the summer vacation months of July and August. Respondent appeals.

The best interest of the child is the paramount concern in any custody controversy (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Chant v Filippelli, 277 AD2d 741, 742 [2000]). Consistent with this established axiom, "[a]n existing custody arrangement will not be altered absent a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest" (Matter of Oddy v Oddy, 296 AD2d 616, 617 [2002]; Matter of Bjorkland v Eastman, 279 AD2d 908, 909 [2001]). Some of the relevant factors in making such a determination include "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Williams v Williams, 188 AD2d 906, 907 [1992]; see Matter of Murray v McLean, 304 AD2d 899, 899-900 [2003]). Since

Family Court has the opportunity to view the witnesses and assess credibility, its factual determinations are accorded great deference (*see Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]; *Matter of Russo v Russo*, 257 AD2d 926, 927 [1999]).

Here, the evidence established that the child missed all or part of 55 school days during the 2000-2001 school year. Moreover, during the first quarter of the 2001-2002 school year—while this petition was pending—the child continued to miss excessive school time. Although respondent attempted to explain some of the absences as having been caused by doctor's appointments, Family Court found that the medical records failed to substantiate that appointments occurred on the pertinent dates. According deference to Family Court's assessment of credibility, the evidence supports its determination that the absences were frequently related to respondent's psychological need to spend time with the child. Given the short duration of the original custody arrangement, the stability of petitioner's current home situation, his financial fitness and particularly his showing of being better suited to ensure that the child's education needs are met, we are unpersuaded that Family Court erred in modifying custody.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, without costs.