■ BRIAN L. MARCANTONIO, Appellant, v LAURA B. MARCANTONIO, Respondent. [761 NYS2d 420] —Appeal from an order of Supreme Court, Herkimer County (Daley, J.), entered November 27, 2002, which, inter alia, awarded sole custody of the parties' children to defendant.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by denying that part of defendant's motion seeking sole custody of the children and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting that part of the motion of defendant to modify the judgment of divorce by awarding sole custody of the children to her. The parties entered into a separation agreement in May 1999 that provided for shared custody and shared physical placement of their two children. In October 2001, as part of an oral stipulation to settle the divorce action, the parties agreed to continue the custody arrangement set forth in the separation agreement. The oral stipulation and separation agreement were incorporated but not merged in the judgment of divorce. In September 2002 defendant moved by order to show cause to modify the judgment by, inter alia, awarding sole custody of the children to her. At the hearing on the motion, defendant testified that she would no longer be working and thus would be available to the children on a full-time basis, but she did not establish any other change in circumstances.

It is undisputed that the parties had been unable to communicate with each other since the time of the separation and that, at the time of the oral stipulation, plaintiff was prohibited by an order of protection from communicating with defendant except for very limited purposes with respect to the children. It is also undisputed that, despite the difficulties between the parties, the children have excelled academically and are socially well-adjusted (*see Matter of Chant v Filippelli,* 277 AD2d 741, 742 [2000]). Furthermore, both parties testified that, during the pendency of defendant's motion, they had a lengthy conference with the Law Guardian and they together had lunch with the children, resulting in some improvement in their ability to communicate with each other. It is further undisputed that each party is a loving and involved parent and capable of providing a good home for the children (*see id.*).

Although the court's custody determination is entitled to great deference, we nevertheless conclude that it lacks "a sound and substantial basis in the record" (*Matter of Thayer v Ennis,* 292 AD2d 824, 825 [2002]; *cf. Chant,* 277 AD2d at 742; *Matter of Green v Mitchell,* 266 AD2d 884 [1999]). The court based its determination exclusively upon the inability of the parties to communicate and did not explicitly find that there was a change in circumstances to warrant modification of the existing long-term custodial arrangement established by agreement of the parties (*see Matter of Meola v Meola,* 301 AD2d 1020, 1022 [2003]; *cf. Matter of Quarantillo v Grainge,* 272 AD2d 994

[2000]; *Fox v Fox,* 177 AD2d 209, 210-211 [1992]). Upon our review of the record, we conclude that defendant "failed to establish a change in circumstances so significant as to warrant a modification of the existing custody arrangement" (*Meola,* 301 AD2d at 1022). We therefore modify the order by denying that part of defendant's motion seeking sole custody of the children. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.