In the Matter of STEVEN GREGIO, Respondent, v MELISSA J. RIFENBURG, Appellant. [770 NYS2d 490]—

Mugglin, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered June 3, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Following respondent's plea of guilty to criminally negligent homicide in August 2001, petitioner sought a modification of a 1997 Family Court order which, entered on agreement, provided

for joint custody of the parties' son (born in 1992) with residential custody to respondent. In view of respondent's anticipated incarceration, petitioner commenced this proceeding seeking a modification of the custody order. Family Court conducted an "emergency hearing," which resulted in a temporary award of residential custody to petitioner. Following respondent's release in February 2002, further hearings were held on the petition, after which petitioner was awarded permanent residential custody. Respondent appeals.

Initially, we note that respondent's challenge to the temporary order is moot as a result of the entry of a final order of modification (*see Matter of Nicotera v Nicotera*, 222 AD2d 892, 894 [1995]; *Matter of Brozzo v Brozzo*, 192 AD2d 878, 879 [1993]). As to the permanent custody order, respondent contends that the modification is not in the best interests of the child.

The paramount consideration in any custody dispute is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]; *Matter of Hudson v Hudson*, 279 AD2d 659, 660 [2001]). To warrant modification of an existing order of custody, petitioner is required to show a sufficient change in circumstances that demonstrates a real need for a change to ensure the continued best interests of the child (*see Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]; *Matter of Crocker v Crocker*, 307 AD2d 402, 402 [2003], *lv denied* 100 NY2d 515 [2003]). "Some of the relevant factors in making such a determination include 'the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development' " (*Matter of Crocker v Crocker, supra* at 402, quoting *Matter of Williams v Williams*, 188 AD2d 906, 907 [1992]). As long as the record reveals sound support for Family Court's application of these factors, its finding will not be disturbed (*see Matter of Fortner v Benson*, 306 AD2d 577, 578 [2003]).

Here, after pointing out that respondent's impending incarceration furnished a sufficient change in circumstances to support the temporary order, Family Court, as part of its conclusions of law, found that additional changes included the child's residence with petitioner during the year that it took to complete the trial, respondent's decision to move to Long Island immediately prior to her incarceration and her abuse of alcohol. These conclusions of law find support in the record. In particular, respondent's move to Suffolk County appears to have been

precipitated solely by her desire to fulfill her own interests without regard for those of the child. This unilateral relocation, which significantly increased the visitation distance between petitioner and the child, is a sufficient change in circumstances for Family Court to have entertained a petition seeking modification of the prior order (*see Matter of Hanson v Hanson,* 283 AD2d 677, 678 [2001]). In addition, Family Court's ultimate conclusion was based upon a thorough examination and careful balancing of all relevant factors to ascertain the best interests of the child. We agree with the finding that although both parents are fit, loving and able, the need for stability in the child's life militates in favor of awarding residential custody to petitioner. Moreover, although not conclusive, the decision accords with the recommendation of the court-appointed psychologist and the position taken by the Law Guardian (*see Matter of Goodale v Lebrun,* 307 AD2d 397, 398 [2003]).

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.