In the Matter of THOMAS W. ADAMS, Respondent, v KATHRYN E. FRANKLIN, Appellant. (And Three Other Related Proceedings.) [779 NYS2d 295]—

Mugglin, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered September 25, 2003, which,

inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties' 1999 judgment of divorce ordered joint legal custody of the parties' eight-year-old daughter, with respondent (hereinafter the mother) having physical custody and petitioner (hereinafter the father) having visitation on alternate weekends and specified holidays. To facilitate the father's visitation, the mother agreed to transport the child to and from an agreed exchange point. In October 2002, the father filed a violation petition alleging that the mother willfully and without just cause deprived him of visitation by routinely failing to transport the child. Additionally, the father filed a separate petition seeking modification of the transportation arrangement and increased visitation. Thereafter, the mother petitioned to reduce her transportation responsibilities and, finally, the father petitioned, seeking sole custody of the child. Following a hearing, Family Court awarded sole custody to the father, with visitation to the mother, and dismissed the remaining petitions. The mother appeals.

In affirming, we first observe that the parties agree as to the applicable legal standards, disagreeing only as to whether petitioner's evidence meets these standards. Accordingly, the parties recognize that "[a] modification of an established custodial arrangement will be granted only after a showing of a substantial change in circumstances warranting a change in order to insure the best interests of the child" (*Matter of Ciannamea v McCoy*, 306 AD2d 647, 647 [2003]; *see Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *Matter of Hudson v Hudson*, 279 AD2d 659 [2001]). In determining whether the petitioner has made such a showing, the court should consider factors which include, but are not limited to, the duration of the present custody agreement, the relative fitness of each parent and each parent's ability to provide for the child's emotional and intellectual development (*see Matter of Crocker v Crocker*, 307 AD2d 402, 402 [2003], *lv denied* 100 NY2d 515 [2003]; *Matter of Chant v Filippelli*, 277 AD2d 741, 742 [2000]). Notably, the continued deterioration in the parties' relationship may constitute a change in circumstances justifying a modification (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]). We afford Family Court deference when reviewing a modification determination due to Family Court's ability to evaluate the testimony and assess the credibility of witnesses (*see Matter of Chant v Filippelli, supra* at 742; *Matter of Donahue v Buisch*, 265 AD2d 601, 603 [1999]; *Matter of*

*Gaudette v Gaudette,* 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]).

Here, contrary to the mother's claim, we find record support for Family Court's determination that substantial changes in circumstances have occurred, justifying a modification of the custody order. These include a finding that the child has experienced academic difficulties which the mother failed to properly address, the mother has interfered with the father's visitation and access to the child, thereby inhibiting his relationship with her, and the mother has made poor personal choices and failed to recognize the impact such choices have had on the child.

Next, we concur with Family Court's conclusion that granting the father sole custody of the child conforms to the best interests of the child. In resolving disputed custody, the court must consider factors which include the quality of the respective home environments, the parental guidance furnished by each party, each parent's past performance and relative fitness and the ability of each party to provide for the intellectual and emotional development of the child (*see Matter of Smith v Miller, supra* at 698; *Matter of Lattuca v Natale-Lattuca,* 293 AD2d 805, 806 [2002]).

Family Court's determination granting the father sole custody finds ample support in the record. In marked contrast to the evidence of his stable home environment, the testimony established the mother's unsettled emotional status, the removal of her new husband from the household by court order, the mother's cancellation of the father's visitation rights, the mother having allowed her new husband to be verbally abusive to the child, and the mother smoking in the presence of the asthmatic child. Moreover, the testimony of the independent evaluator and the advocated position of the Law Guardian clearly support Family Court's adjudication.

Finally, Family Court's dismissal of the mother's petition to modify the prior order of visitation was proper in light of the court's determination as to custody of the child.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.