■ BRIAN L. MARCANTONIO, Appellant, v LAURA B. MARCANTONIO, Respondent. [780 NYS2d 689]—

Appeal from an order of the Supreme Court, Herkimer County

(Michael E. Daley, J.), entered November 18, 2003. The order granted defendant's motion for an order directing plaintiff to comply with the visitation provisions of a prior order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: In an earlier appeal from an order entered November 27, 2002, this Court held that Supreme Court had erred in modifying the custody provisions of the parties' January 3, 2002 judgment of divorce because "defendant 'failed to establish a change in circumstances so significant as to warrant a modification of the existing custody arrangement' " (*Marcantonio v Marcantonio*, 307 AD2d 740, 742 [2003], quoting *Matter of Meola v Meola*, 301 AD2d 1020, 1022 [2003]). The "existing custody arrangement" had been agreed to by the parties in a separation agreement dated May 26, 1999 and continued in a stipulation in open court; both the separation agreement, "as amended on the record," and the stipulation were incorporated but not merged in the judgment of divorce. The judgment awarded joint legal custody and equally shared physical custody by providing that the children would reside with each of the parties during alternating weeks. When the court modified that custody determination by awarding defendant sole custody, it also awarded plaintiff visitation every other weekend, for two hours during the week, and for two weeks each summer.

By the order now on appeal, the court granted defendant's motion for an order directing plaintiff to comply with the order entered November 27, 2002, thereby continuing in full force and effect all of the provisions of that order except the provision changing legal custody from joint custody to sole custody in defendant. A review of the transcript of oral argument on defendant's motion reveals that the court's determination was based on the fact that this Court's July 3, 2003 order did not reverse the November 27, 2002 order, but rather modified the order "by denying that part of defendant's motion seeking joint custody." The court's interpretation of this Court's order of July 3, 2003, while perhaps understandable, is nevertheless mistaken. Our decision in the prior appeal was necessarily a modification of the order on appeal rather than a reversal because it left unaffected other provisions of the order not related to custody, including provisions fixing the amount and method of payment of the Law Guardian and directing that plaintiff sign and complete passport applications for the children. In determining that the court had erred in modifying the " 'existing custody arrangement' " and thereby restoring that

arrangement, this Court also effectively eliminated the visitation provisions of the order, which were made solely by reason of the award of sole custody to defendant. When the change in custody was vitiated, so too was the concomitant award of visitation to plaintiff. We therefore reverse the order and deny defendant's motion. Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.