In the Matter of ZANDRA STREETMAN, Appellant, v CHRISTINA BROWN et al., Respondents. [783 NYS2d 126]—

Peters, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 29, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of one of her grandchildren.

Respondent Christina Brown and respondent Jere Brown are the biological parents of three children, the oldest of whom,

James (born in 1996), is the subject of this proceeding. All three children are presently in separate foster care placements through respondent Clinton County Department of Social Services (hereinafter DSS). Petitioner, the maternal grandmother living in Kent County, Maryland with her husband, sought custody of James.* At the time of the petition, Christina, then incarcerated, supported petitioner's application while Jere, under a "no contact" order due to a finding by Family Court of his abuse and neglect of these children, did not. DSS also objected to the placement and a Law Guardian was appointed.

Petitioner testified in support of her application and introduced a favorable court-ordered home study which had been conducted by the Department of Social Services in Kent County, Maryland. Despite this proffer, Family Court determined that while extraordinary circumstances warranted a consideration of someone other than a biological parent to assume custody of James, placement with petitioner was not in the child's best interests. Upon the dismissal of the petition, this appeal ensued.

Petitioner contends that Family Court erred when it failed to, sua sponte, order an alcohol evaluation of petitioner's husband, a nonparty who had not submitted himself to the jurisdiction of the court. Family Court's authority to order such evaluation prior to rendering its decision was limited (see Family Ct Act § 251 [a]). Moreover, petitioner represented that her husband had not consumed alcohol in almost three years, except for the day of their marriage. The home study also failed to indicate an alcohol-related issue. Thus, we find no error.

Turning to the issue of custody, petitioner sustained her burden of proving extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]). Next, addressing whether placement with petitioner would be in the child's best interests, "great deference is accorded to Family Court, as it is in the best position to evaluate credibility having observed the parties during the hearing" (Matter of Meola v Meola, 301 AD2d 1020, 1021 [2003]; see Matter of Hudson v Hudson, 279 AD2d 659, 661 [2001]). Here, Family Court properly considered "the quality of the home environment and the parental guidance [that] the custodial parent [could] provide[ ] for the child" (Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). While finances were a factor, an equally valid concern was petitioner's ability to provide for James' emotional and intellectual development (see id. at 172). Clearly, the home study indicated that petitioner's home would be a suitable placement for James, and Judith

* Petitioner originally sought custody of all three children, but later limited it only to James.

Bunnell, a foster care worker employed by DSS, testified to the positive interaction between petitioner and the child. Yet, petitioner's own testimony undermined her claim that she could properly care for this seven-year-old child who suffers from serious mental and emotional disabilities.

Petitioner testified that she has resided with her current husband for almost 25 years. Throughout her children's youth, he was an active alcoholic. As a result of difficulties created by this environment, compounded by a contentious ex-husband, she relinquished custody of Christina, then 1½ years old, for 5½ years; petitioner visited only two or three times during that period. Although petitioner did, thereafter, resume custody of Christina from age seven through high school, by the time of Christina's graduation, she had already given birth to James and was residing in petitioner's home with Jere who is 10 years her senior. Petitioner further admitted that up until a year and a half before this hearing, the alcoholism of her husband was the reason she chose not to marry him. Although she explained that he was no longer an active alcoholic, he did not testify. Petitioner maintained throughout her testimony that she made serious errors in the past and would now conduct her life differently if James resided with them. We find that Supreme Court properly considered her failure to control or change the toxic environment in which she chose to raise her children.

Petitioner's husband also has significant health problems. He suffers from rheumatoid arthritis, high blood pressure, and is on various medications, some of which are for pain. It was expected that he would care for James when petitioner was working. We find that, despite the positive home study, the determination rendered will not be disturbed since Family Court properly considered all relevant factors and the decision has a " 'sound and substantial basis in the record' " (*Matter of Meola v Meola, supra* at 1021, quoting *Matter of Hudson v Hudson, supra* at 661).

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.