■ In the Matter of AINSLEY C. WATSON, Appellant, v DEBORAH K. SMITH, Respondent. (Proceeding No. 1.) In the Matter of DEBORAH K. SMITH, Respondent, v AINSLEY C. WATSON, Appellant. (Proceeding No. 2.) [861 NYS2d 354]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Pizzolo, R.), dated April 30, 2007, as, after a hearing, in effect, granted the mother's petition to modify so much of the prior orders of the Family Court, Queens County, dated May 6, 2003 and October 20, 2004, respectively, as awarded the parties joint legal custody of the subject child, with physical custody to the mother, and awarded the mother sole legal and physical custody of the subject child.

Ordered that the order dated April 30, 2007 is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's petition is denied, and the prior orders of the Family Court dated May 6, 2003 and October 20, 2004, respectively, are reinstated insofar as they determined the issue of custody.

Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its determination will not be upheld where, as here, its determination lacks a sound and substantial basis in the record (*see Matter of Summer A.,* 49 AD3d 722 [2008]; *Marcantonio v Marcantonio,* 307 AD2d 740, 741 [2003]; *cf. Matter of Reyes v Alvarado,* 50 AD3d 1152 [2008]). "Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Pignataro v Davis,* 8 AD3d 487, 488 [2004]). At the hearing before Referee Pizzolo, the mother failed to show that there were any changes in circumstances warranting a change of custody. Essentially, she showed only that the same difficulties in communication that existed between her and the child's father prior to the original determination as to custody still existed. This was insufficient, in and of itself, to warrant a change in custody, since there was no proof that the parties' relationship was so acrimonious as to warrant a change in custody (*see Marcantonio v Marcantonio,* 307 AD2d at 741-742; *cf. Pambianchi v Goldberg,* 35 AD3d 688 [2006]). Furthermore, there was no proof that the best interests of the child warranted such a change of custody (*see Matter of Pignataro v Davis,* 8 AD3d at 488).

Accordingly, the Family Court erred in granting the mother's petition seeking a change of custody. Lifson, J.P., Florio, Carni and Belen, JJ., concur.