■ In the Matter of WAYNE E. YADDOW, JR., Appellant, v LISA M. BIANCO, Respondent. [888 NYS2d 700]—

Appeal from an order of the Family Court, Oneida County (Brian M. Miga, J.H.O.), entered October 22, 2008 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted the cross petition and petition of respondent awarding her sole physical custody of the parties' child.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and respondent's cross petition and petition are dismissed.

Memorandum: Petitioner father appeals from an order that, inter alia, granted the cross petition and petition of respondent mother seeking to modify the existing custody arrangement by awarding sole physical custody of the parties' child to the mother. As the father correctly contends, the mother failed to establish a significant change of circumstances sufficient to warrant Family Court to determine whether a change in custody was in the best interests of the child. The court determined that the fact that the father had begun to commute to an out-of-state college two days a week constituted a significant change of circumstances. We cannot agree, based on the record before us. The father testified that he continued to arrive home each night before dinner and that the commuting arrangement was only temporary. Indeed, there was no evidence that the father intended to relocate (*see Matter of Bjork v Bjork*, 23 AD3d 784, 785 [2005], *lv denied* 6 NY3d 707 [2006]). We reject the additional contention of the mother that her having given birth to another child constitutes a significant change of circumstances. The separation of the parties' child from a half-sibling who was born following the joint custody order and who "never shared a household" with the half-sibling is not a factor to consider in determining whether there was a significant change of circumstances (*Matter of Chant v Filippelli*, 277 AD2d 741, 742 [2000]).

Finally, even assuming, arguendo, that the mother established a significant change of circumstances, we nevertheless would conclude, based on the record before us, that a change in custody was not in the best interests of the child (*see generally Matter of Maher v Maher*, 1 AD3d 987, 988-989 [2003]). Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.