■ In the Matter of DEBORAH A. AVOLA, Appellant, v CHRISTOPHER W. HORNING, Respondent. MAI LUTTERUS LIINVE, Attorney for the Child, Appellant. [957 NYS2d 787]—

Memorandum: Petitioner mother and the Attorney for the Child appeal from an order that dismissed the mother's petition seeking to modify the prior joint custody order entered upon the parties' stipulation by awarding her sole custody of the parties' child. We affirm. "[T]here is a sound and substantial basis in the record for Family Court's determination that the mother failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the best

interests of the subject child would be served by modifying the existing custody arrangement" (*Matter of Wawrzynski v Goodman*, 100 AD3d 1559, 1559 [2012]; *see generally Matter of Yaddow v Bianco*, 67 AD3d 1430, 1431 [2009]; *Matter of Chrysler v Fabian*, 66 AD3d 1446, 1447 [2009], *lv denied* 13 NY3d 715 [2010]). Contrary to the mother's contention, the parties' communication problems did not constitute a change in circumstances. Although the record reflects that the parties experience some difficulty in communicating with each other, there does not appear to have been a change in the parties' communication issues since the prior custody order was entered (*see Matter of Chant v Filippelli*, 277 AD2d 741, 742 [2000]). Moreover, the record reflects that the parties' communication issues have not meaningfully interfered with the child's emotional and intellectual development, health, or success in school (*see Marcantonio v Marcantonio*, 307 AD2d 740, 741 [2003]). Contrary to the mother's further contention, the father's alleged failure to spend time with the child when the child was in his physical custody also did not establish the requisite change in circumstances (*see generally Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]). Present—Centra, J.P., Fahey, Sconiers, Valentino and Martoche, JJ.