# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1350**
**CAF 12-01211**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF DEBORAH A. AVOLA,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER W. HORNING, RESPONDENT-RESPONDENT.
------------------------------------------
MAI LUTTERUS LIINVE, ATTORNEY FOR THE CHILD,
APPELLANT.

---

PROVEN AND QUENCER, WATERTOWN (LISA A. PROVEN OF COUNSEL), FOR
PETITIONER-APPELLANT.

MAI LUTTERUS LIINVE, ATTORNEY FOR THE CHILD, WATERTOWN, APPELLANT PRO
SE.

RUTHANNE G. SANCHEZ, WATERTOWN, FOR RESPONDENT-RESPONDENT.

---

Appeals from an order of the Family Court, Jefferson County
(Peter A. Schwerzmann, A.J.), entered October 18, 2011 in a proceeding
pursuant to Family Court Act article 6. The order dismissed the
petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner mother and the Attorney for the Child
appeal from an order that dismissed the mother's petition seeking to
modify the prior joint custody order entered upon the parties'
stipulation by awarding her sole custody of the parties' child. We
affirm. "[T]here is a sound and substantial basis in the record for
Family Court's determination that the mother failed to make the
requisite evidentiary showing of a change in circumstances to warrant
an inquiry into whether the best interests of the subject child would
be served by modifying the existing custody arrangement" (*Matter of
Wawrzynski v Goodman*, 100 AD3d 1559, ___; *see generally Matter of
Yaddow v Bianco*, 67 AD3d 1430, 1431; *Matter of Chrysler v Fabian*, 66
AD3d 1446, 1447, *lv denied* 13 NY3d 715). Contrary to the mother's
contention, the parties' communication problems did not constitute a
change in circumstances. Although the record reflects that the
parties experience some difficulty in communicating with each other,
there does not appear to have been a change in the parties'
communication issues since the prior custody order was entered (*see
Matter of Chant v Filippelli*, 277 AD2d 741, 742). Moreover, the

record reflects that the parties' communication issues have not meaningfully interfered with the child's emotional and intellectual development, health, or success in school (*see Marcantonio v Marcantonio*, 307 AD2d 740, 741).  Contrary to the mother's further contention, the father's alleged failure to spend time with the child when the child was in his physical custody also did not establish the requisite change in circumstances (*see generally Matter of Kerwin v Kerwin*, 39 AD3d 950, 951).

Entered:  December 28, 2012                     Frances E. Cafarell
                                                Clerk of the Court