Matter of Lundgren v Jaeger (2018 NY Slip Op 04802)





Matter of Lundgren v Jaeger


2018 NY Slip Op 04802


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

525444

[*1]In the Matter of CLARAN LUNDGREN, Appellant,
v
STEVEN C. JAEGER, Respondent. (And Another Related Proceeding.)

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Claran Lundgren, Monroe, appellant pro se.
Christopher Hammond, Cooperstown, attorney for the child.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered December 16, 2016, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a daughter (born in 2005). Pursuant to an October 2015 order entered on consent, the parties share joint legal custody, with the mother having primary physical custody and the father receiving parenting time on alternating weekends. The order specified that, for purposes of facilitating the father's parenting time, the parties would meet to exchange the child at 7:00 p.m. on Fridays and Sundays at a location in the Town of Cobleskill, Schoharie County, until such time as the mother obtained employment or a new schedule could be agreed upon by the parties. The mother lives roughly 122 miles away from the Cobleskill area in the Town of Monroe, Orange County, and the father resides approximately 37 miles away from the Cobleskill area in the City of Oneonta, Otsego County.
In April 2016, the mother filed a petition seeking to modify the times and location for the exchange of the child on the basis that she had obtained gainful employment. Following a fact-finding hearing, Family Court continued the pick-up and drop-off times set forth in the prior [*2]order but directed that the exchanges take place at a specified location in the Town of Walton, Delaware County, thereby shortening the mother's drive by approximately 30 miles while maintaining the same travel time for the father. The mother appeals, arguing that the exchange arrangements should have been modified beyond those granted by Family Court.[FN1]
A parent seeking to modify a prior order of visitation "must first demonstrate that a change in circumstances has occurred since the entry thereof to warrant a review of the child[]'s best interests" (Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]; see Matter of Perry v Leblanc, 158 AD3d 1025, 1026 [2018]). The mother's new work schedule, and the parties' corresponding inability to come to an agreement on alternative locations and times for the exchange of the child, constitutes a change in circumstances (see Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]). The inquiry therefore distills to whether there is a sound and substantial basis in the record for the exchange arrangements ordered by Family Court. We agree with the mother that there is not.
The parents were the only witnesses to testify at the fact-finding hearing. The father, a bus driver for the City of Oneonta, testified that he does not work every Friday and that, when he does, his shift ends no later than 4:30 p.m. The mother testified that she had recently obtained employment as a human resources manager and that her new full-time work schedule required her to work weekdays from 8:30 a.m. to 5:30 p.m. She explained that, to comply with the prior visitation order, she has been forced to leave work an hour early on alternate Fridays so that she could meet the father in Cobleskill to exchange the child at the designated time. While the mother noted that her employer had been accommodating in this regard thus far, she stated that her requests to leave work early have been viewed unfavorably by her employer and testified without contradiction that she was unable to perform the essential functions of her job on those days that she was required to leave early.
Family Court's order places the exchange point 30 miles closer to the mother's residence, but it still leaves her with insufficient time to travel without interfering with her work schedule. Further, in fixing the exchange point, Family Court seemingly relied upon the mother's prior relocation as the basis for not selecting a place that would accommodate the mother's work schedule. Although a court may consider a party's relocation as a factor when determining issues of visitation (see Matter of Hanson v Hanson, 283 AD2d 677, 678-679 [2001]), in this instance, it was improper, as there was no testimony to support the court's conclusion. Mindful that our authority in matters of custody and visitation is as broad as that of Family Court and inasmuch as the record is sufficiently complete to permit an informed modification of the pick-up and drop-off provisions (see Matter of Kuklish v Delanoy, 155 AD3d 1376, 1379 [2017]; Matter of Knox v Romano, 137 AD3d 1530, 1532 [2016]), we find that the child's interests will be best served by maintaining the same pick-up and drop-off times but changing the exchange location to the Hamlet of Roscoe, Sullivan County. Although this will result in the father driving an additional 13 miles to and from the exchanges, it obviates the need for the mother to leave work early, results in no decreased parenting time for the father and allows the child to return home earlier on [*3]Sunday evenings (see generally Matter of Schneider v Lascher, 72 AD3d 1417, 1419 [2010], lv denied 15 NY3d 708 [2010]; compare Matter of Le Clair v McDonald, 26 AD3d 691, 691-692 [2006]).
Garry, P.J., Egan Jr., Clark and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by changing the exchange location for the child from the Town of Cobleskill, Schoharie County to the Hamlet of Roscoe, Sullivan County, and, as so modified, affirmed.



Footnotes

Footnote 1:While the father did not file a brief or otherwise take a position on the appeal, the attorney for the child filed a brief opposing the mother's appeal and arguing that the exchange arrangements fashioned by Family Court were supported by a sound and substantial basis in the record.