Matter of Lionel PP. v Sherry QQ. (2019 NY Slip Op 02398)





Matter of Lionel PP. v Sherry QQ.


2019 NY Slip Op 02398


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

526341

[*1]In the Matter of LIONEL PP., Respondent,
v
SHERRY QQ., Appellant. (And Three Other Related Proceedings).

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Aarons, JJ.


Bailey, Johnson, DeLeonardis & Peck, PC, Albany (Monique B. McBride of counsel), for appellant.
Susan J. Civic, Saratoga Springs, for respondent.
John J. LaBoda Jr., Saratoga Springs, attorney for the child.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Family Court of Saratoga County (Wait, J.), entered May 26, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2004). The father is presently married and lives in New York City with his four other children. The mother, who has taken care of the child since his birth, is also married and lives in Saratoga County. Pursuant to a December 2014 order, the parties had joint legal custody of the child with the mother having primary physical custody and the father having parenting time on three weekends of each month, as well as during school vacations. In July 2016, the father commenced the first of these proceedings by filing a modification petition seeking primary physical custody of the child and to relocate him from Saratoga County to New York City based on, among other things, the child's poor academic performance. The mother moved to dismiss the modification petition for failure to state a cause of action, which Family Court denied. Following a trial and a Lincoln hearing, the court, among other things, granted the father's petition and awarded him physical custody of the child and permitted the relocation to New York City contingent upon his enrollment in Harlem's Children Zone, Promise Academy for the 2017-2018 school year. The mother appeals.
As an initial matter, we reject the mother's argument that the father's petition failed to sufficiently allege a change in circumstances to warrant an evidentiary hearing. Nor do we agree with her claim that the father failed to establish a change in circumstances at trial. The record [*2]discloses that the child's academic performance declined, which the mother failed to adequately address, and that the child had to attend summer school, thereby leading to a disruption of the father's summer parenting time with the child. Based on the foregoing, as well as the continued deterioration of the parties' relationship, we find that the father met his threshold burden of establishing a change in circumstances since the entry of the December 2014 custody order so as to warrant a best interests of the child analysis (see Matter of Porter-Spaulding v Spaulding, 164 AD3d 974, 976 [2018]; Matter of Gasparro v Edwards, 85 AD3d 1222, 1223 [2011]; Matter of Adams v Franklin, 9 AD3d 544, 546 [2004]; compare Matter of Cooper v Williams, 161 AD3d 1235, 1238 [2018]).
The record reveals that both parents love the child and provide a suitable home environment for him. The mother testified that she lived in a five-bedroom house where the child had his own room, that the child had a good relationship with the mother's family members, who were also living in the household, and that the child would go on outings with them. The father testified that he lived in a secure neighborhood and that the family ate meals together during which they would talk about their days. The father also engaged in a variety of activities throughout New York City with his family, and the child got along with his siblings.
As to the child's academic performance, the record discloses that, while residing with the mother, the child's grades were inconsistent in that he would excel on one quiz and then receive a failing grade on a subsequent one. The child also sometimes did not turn in homework assignments or handed them in late, and he failed his English class. Even though the mother was aware of the child's struggles in English class, she did not get him extra help. The father testified that, because the child was required to attend summer school, his summer parenting time was impacted. According to the father, the mother did not provide structure for the child. Meanwhile, the father testified that he intended to enroll the child in Promise Academy — a school that his other children attended and was around the corner from his residence. Promise Academy had small class sizes and exposed its students to a variety of programs and classes. The father stated that Promise Academy was familiar with him due to his active participation in its programs. The father further stated that he and his wife reviewed his children's homework to ensure that it was thoroughly completed and that the children assisted each other with their school work.
Family Court determined that it was in the best interests of the child to award the father physical custody of the child and to permit the child to relocate to New York City. In making this determination, we note that the court took into account the child's relationship with the family members in each parties' household, the child's current school and Promise Academy, the parties' relative fitness to provide a safe and healthy environment and the structure in each household to support the child's educational needs. The court, however, conditioned such change of custody and relocation upon the child's enrollment in Promise Academy for the 2017-2018 school year. In our view, by imposing such condition, the court erroneously elevated the child's matriculation at Promise Academy from one factor to be considered in the best interests analysis to the sole dispositive factor. Inasmuch as no one factor is dispositive (see Matter of Perestam v Perestam, 141 AD3d 757, 759 [2016]), the order must be reversed and a new hearing to be conducted on the father's modification petition within 20 days of this Court's decision.
Finally, this Court was advised at oral argument by the attorney for the child that the child is presently on a waitlist for Promise Academy but that there are other schools in New York City where the child could be enrolled. Although our authority is as broad as that of Family Court, given that the record is not sufficiently developed to make independent findings as to these other schools (see Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1425 [2018]), the matter must be remitted for such purpose.
Egan Jr., J.P., Clark and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.