Matter of Brookover v Harris (2023 NY Slip Op 03128)

Matter of Brookover v Harris

2023 NY Slip Op 03128

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

408 CAF 22-00949

[*1]IN THE MATTER OF ROBERT W. BROOKOVER, PETITIONER-APPELLANT,
v
KAREN M. HARRIS, RESPONDENT-RESPONDENT. 

CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-APPELLANT.
CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT. 
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered June 9, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued sole custody of the subject child with respondent with visitation for petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father seeks a determination that respondent mother violated a prior stipulated custody and visitation order and also seeks to modify that prior order. Family Court, inter alia, determined that the mother did not violate the prior order and continued sole legal custody of the subject child with the mother with visitation for the father. The father now appeals and we affirm.
We reject the father's contention that the court erred in determining that the mother did not violate the prior order. A court "has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced" (Judiciary Law § 753 [A]; see Family Ct Act § 156). There are four elements required for a finding of civil contempt: (1) a lawful court order "expressing an unequivocal mandate"; (2) "reasonable certainty" that the order was disobeyed; (3) knowledge of the court's order by the party in contempt; and (4) prejudice to the right of a party to the litigation (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015] [internal quotation marks omitted]). "The party seeking an order of contempt has the burden of establishing those four elements by clear and convincing evidence" (Dotzler v Buono, 144 AD3d 1512, 1514 [4th Dept 2016]). Contrary to the father's contention, the court properly determined that the father did not meet his burden inasmuch as the provision of the prior order that the mother allegedly violated was ambiguous and did not express an unequivocal mandate (see Matter of Fischione v PM Peppermint, Inc., 197 AD3d 970, 971 [4th Dept 2021]).
Contrary to the father's further contention, we conclude that the father failed to establish the requisite change in circumstances after the time of the prior order to warrant an inquiry into the best interests of the child (see Matter of Wawrzynski v Goodman, 100 AD3d 1559, 1559 [4th Dept 2012]; see generally Matter of Yaddow v Bianco, 67 AD3d 1430, 1431 [4th Dept 2009]; Matter of Chrysler v Fabian, 66 AD3d 1446, 1447 [4th Dept 2009], lv denied 13 NY3d 715 [2010]). Inasmuch as the mother did not violate the prior order, the court properly determined that the dispute between the parties with respect to the ambiguous provision of the prior order did not demonstrate the requisite change in circumstances (see Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]; cf. Matter of Little v Little, 175 AD3d 1070, 1072 [4th Dept 2019]). Furthermore, although the record reflects that there is significant acrimony between [*2]the parties, there does not appear to have been a change in that respect after the prior custody order was entered (see Matter of Williams v Reid, 187 AD3d 1593, 1594 [4th Dept 2020]; Matter of Avola v Horning, 101 AD3d 1740, 1741 [4th Dept 2012]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court