■ GEORGE M. BARNETT, Respondent, v CAROL A. BARNETT, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered September 12, 1980 in Clinton County, which determined that a previous order of the court did not prohibit plaintiff, the noncustodial parent, from consulting with a child psychiatrist together with the infant children of the parties. In this contested divorce action, temporary custody of the infant children of the marriage, aged 10 and 7, was awarded to defendant mother by order of Special Term entered October 2, 1979. Defendant thereafter initiated psychiatric consultations for the children with Champlain Family and Court Consultants of Burlington, Vermont, where a Dr. Donald Rife, board certi-

fied child psychiatrist, conducted the consultations. The parties generally agreed that the opinion of a psychiatric expert would be received on the issue of permanent custody. Defendant participated in one joint consultation with Dr. Rife and then discontinued further consultations, allegedly because her son did not want to continue. Dr. Rife asked that he have an additional consultation with plaintiff and the children, to which suggestion defendant refused permission. The doctor, uncertain of- his right to see the children without permission of the custodial parent, requested such authorization from either defendant or the court. Failing to obtain permission from defendant, these proceedings were commenced by plaintiff by order to show cause dated September 5, 1980. Special Term held that its temporary custody award to defendant did not prohibit the participation of the children and plaintiff in further psychiatric consultations with Champlain Family and Court Consultants. This appeal ensued. The apparent basis for defendant's refusal to continue the consultation is fear her 10-year-old son expressed to her, gained from having heard his father talking to someone on the telephone. Allegedly, the boy heard the father say that his request for custody of the children was "in the bag", whereupon he told his mother "the doctor isn't nice, he's going to let daddy take us away from you". Thus, the linchpin to this controversy is the expression of the 10-year-old boy predicated solely upon his interpretation of a portion of a telephone conversation by his father, all of which is before us in the form of hearsay, having been presented by defendant in her affidavit in opposition to plaintiff's application. There is no question raised as to the fitness of either parent. There is only the alleged desire of the child not to see Dr. Rife again. Obviously, defendant could have done much to allay and dispel the fears of the child by simple explanation. She chose the opposite course, to accept the truth of the statements reported to her by the child and to honor the child's wishes. In *Matter of Ebert v Ebert* (38 NY2d 700, 702), Judge Fuchsberg enunciated: "As in all custody disputes between divorced parents, the welfare of the children here had to come first (Domestic Relations Law, § 70; *Obey v Degling*, 37 NY2d 768, 769). And, while the children's attitudes were to be given consideration, that did not mean that their wishes were to be determinative. The best interests of a child, particularly over the long term, often require the overbalancing of subjective desires by more dependable objective criteria *(Dintruff v McGreevy*, 34 NY2d 887)." In *Dintruff v McGreevy* (34 NY2d 887, 888), the court observed "While a child's view should be considered to ascertain his attitude and to lead to relevant facts, it should not be determinative." (See, also, *Obey v Degling*, 37 NY2d 768.) The use of psychiatric, psychologic and psychiatric social worker reports has long been recognized as a helpful tool to a trial court in resolving the often emotion-wretching dilemma confronted when determining child custody disputes (see *Kesseler v Kesseler*, 10 NY2d 445). It is for the court to ultimately apply its best judgment and "determine solely what is for the best interests of the child, and what will best promote its welfare and happiness, and make award accordingly" (Domestic Relations Law, § 70). Special Term, having already considered this litigation twice, was correct in its order, which should be affirmed. Order affirmed, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.