In the Matter of CYNTHIA J. HUFF, Appellant, v SAM KEELY, Respondent. [672 NYS2d 488] —Cardona, P. J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered August 20, 1996, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

Petitioner and respondent, who never married, had two children, Matthew, born in 1988, and Alexander, born in 1992. Following their separation in 1993, petitioner was granted custody of the children and respondent exercised visitation.

In May 1995, petitioner filed a petition seeking permission to relocate from the Town of Waverly, Tioga County, to Philadelphia, Pennsylvania. Before Family Court had an opportunity to determine the petition, petitioner moved to Harleysville, Pennsylvania, with the two children. Respondent, in turn, moved to dismiss the petition and filed his own petition seeking, *inter alia*, custody of the children. In November 1995, Family Court dismissed petitioner's petition, denied respondent's petition and directed petitioner to return to New York by January 1, 1996. After further legal proceedings, in February 1996 Family Court awarded temporary joint custody of the children to the parties, with primary physical custody to respondent and visitation to petitioner. The children resided with respondent from early January 1996 until March 30, 1996, at which time Matthew tragically died in a house fire. As a result of respondent's hospitalization for injuries sustained in the fire, petitioner sought and was granted temporary physical custody of Alexander.

In the meantime, petitioner appealed Family Court's

---

November 1995 order and this Court reversed the order and remitted the matter to Family Court for a further evidentiary hearing and a de novo determination to consider Alexander's best interest in light of, *inter alia*, the death of his brother (*see,* 240 AD2d 865). Following additional proceedings, Family Court, *inter alia*, awarded custody of Alexander to respondent and visitation to petitioner. Petitioner appeals.

It is well settled that the best interest of the child is the primary consideration in custody determinations (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *O'Connor v O'Connor*, 146 AD2d 909, 910) as well as in determinations concerning the relocation of a custodial parent (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 739). In making the inquiry, courts must look at the totality of the circumstances (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 95), including such factors as the age of the child, the relative fitness of the parents, the quality of the home environment, each parent's ability to provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other (*see, Eschbach v Eschbach, supra,* at 171-173; *O'Connor v O'Connor, supra,* at 910). Notably, Family Court's assessment of such factors is entitled to great weight as it is in the best position to evaluate the credibility of witnesses (*see, Eschbach v Eschbach, supra,* at 173; *Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813). Indeed, its determination will not be disturbed unless it "lack[s] a sound and substantial basis in the record" (*Matter of De Losh v De Losh, supra,* at 853; *see, Matter of Hubbard v Hubbard*, 221 AD2d 807, 808).

In this case, the record amply supports Family Court's award of custody to respondent. Various witnesses testified in a positive way to respondent's fitness as a parent. Although petitioner blamed respondent for the fire which resulted in Matthew's death, the results of the investigation revealed that it was not caused by respondent's negligence. Further, and significantly, the evidence supports Family Court's finding that respondent appreciates the need for Alexander to have a continuing relationship with petitioner.

In contrast, the evidence establishes that petitioner removed both children from the State in violation of a court order and has made very serious disparaging remarks about respondent in Alexander's presence. In addition, while petitioner's primary motivation for moving to Pennsylvania was to improve her financial situation, she testified that she earned approximately $32 per week and was dependent upon public assistance to

support herself and the child. Furthermore, there is ample evidence in this record supporting Family Court's determination that petitioner would not foster a meaningful relationship between respondent and the child based upon her past conduct. In view of the above, as well as the Law Guardian's recommendation that custody be awarded to respondent, we find no reason to disturb Family Court's decision (see, Matter of Ostrander v Ostrander, 150 AD2d 944, 945).

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.