■ In the Matter of TOD M. OSEID, Respondent, v CHRISTINA DAUGHERTY, Appellant. DONNA E. WEST, as Law Guardian, Appellant. [678 NYS2d 817] —Graffeo, J. Appeals from an order and corrected order of the Family Court of Cortland County (Avery, Jr., J.), entered June 23, 1997 and July 8, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent are the parents of a daughter born in 1991. In May 1993, petitioner and respondent terminated their relationship and the parties shared custody equally in the absence of a court order. However, for the past several years the parties have been embroiled in Family Court proceedings involving a series of petitions and cross petitions alleging changes in circumstances requiring modification in custody and visitation arrangements and charges of violations of prior court orders. On August 14, 1995 the parties entered into a joint custody stipulation in Family Court, but in February 1996 petitioner sought to modify that custodial agreement due to respondent's alleged violation of the court order. Although Family Court awarded temporary sole custody to petitioner in February 1996, respondent removed the child from Cortland County and refused to inform petitioner of the child's whereabouts. After further proceedings, Family Court, by temporary order in March 1996, reinstated joint custody with shared placement and ordered that neither parent was to remove the child from Cortland County during pendency of the proceeding.

A fact-finding hearing regarding the pending modification and violation petitions was conducted over four days of hearings in August and October 1996, including an in camera interview of the parties' child. In June 1997, Family Court issued a decision with extensive findings. By order entered July 8, 1997, the court awarded petitioner sole custody of the child

conditioned upon petitioner submitting proof of his participation in an approved alcohol counseling program, with shared visitation for respondent upon proof of her enrollment in an approved parenting/counseling program. Respondent appeals both orders, requesting sole custody or reinstatement of the former joint custody arrangement.

It is axiomatic that the best interest of the child based on the totality of the circumstances is paramount when determining custody (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Brewer v Whitney*, 245 AD2d 842; *Matter of Morgan v Becker*, 245 AD2d 889; *Matter of McCauliffe v Peace*, 176 AD2d 382). It is clear from the record that Family Court carefully considered all relevant factors, such as " 'the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development' " (*Matter of Brown v Skalwold*, 228 AD2d 749, 752, *lv denied* 89 NY2d 860, quoting *Matter of Perry v Perry*, 194 AD2d 837; *see, Matter of Machukas v Wagner*, 246 AD2d 840, *lv denied* 91 NY2d 813; *Matter of Denise AA. v David AA.*, 237 AD2d 680). We find no reason to disturb Family Court's determination that petitioner's home provides a more stable and nurturing environment for the child. Petitioner has maintained steady employment for nine years, has made appropriate child care arrangements, and has taken no action to prevent or discourage respondent's visitation with the child. In contrast, respondent has manifested a disregard for petitioner's visitation rights and prior court orders (*see, Matter of Slattery v Slattery*, 251 AD2d 805; *Matter of Huff v Keely*, 249 AD2d 844). Moreover, the record illustrates that she has made disparaging remarks regarding both petitioner and his parents, told the child that petitioner was trying to steal her away and threatened to strike petitioner's stepfather in the presence of the child. It is also disturbing that respondent brought the child to the sentencing phase of a murder trial of an acquaintance and had the child accompany her on several prison visits.

The record clearly establishes that joint custody was no longer appropriate in light of the incidents of police involvement and the issuance of orders of protection, respondent's secretion of the child and the deterioration of the relationship between the parties, all of which indicates a situation "so acrimonious, embattled and embittered as to effectively preclude joint decision-making" (*Matter of Brown v Skalwold, supra*, at 751).

Although testimony was presented regarding petitioner's history of alcohol abuse and marihuana usage, there was no

substantiated evidence that petitioner engaged in inappropriate behavior in the child's presence or that he endangered the welfare of the child. Aware of petitioner's history, Family Court appropriately required petitioner to participate in an approved alcohol counseling program. Based on the foregoing, and according substantial deference to Family Court's observations of the demeanor of the parties and their witnesses (*see, Matter of Morgan v Becker*, 245 AD2d 889, 891-892, *supra*; *Matter of De Losh v De Losh*, 235 AD2d 851, *lv denied* 89 NY2d 813), a sound and substantial basis existed for Family Court's determination (*see, Matter of Copeland v Copeland*, 232 AD2d 822, *lv denied* 89 NY2d 806).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order and corrected order are affirmed, without costs.