■ In the Matter of TIMOTHY M. HYDE, Respondent, v CATHERINE M. HUDOR, Appellant. (And Four Other Related Proceedings.) [697 NYS2d 189] —Mugglin, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered November 30, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court article 6, for modification of a prior custody order.

The parties' marriage of some seven years ended by judgment of divorce on March 31, 1993. Incorporated in the divorce decree is a 1991 separation agreement which provided for the continuation of a Family Court order of February 27, 1991 which provided for joint legal custody of the infant child, John, with primary physical custody to respondent and visitation in favor of petitioner. This custodial arrangement was subsequently embodied in an order of Family Court dated December 4, 1996. Petitioner sought modification of the custodial arrangement based on a change of circumstances so that primary physical custody of the infant would be given to petitioner at least on a temporary basis pending the resolution of all legal matters then pending against respondent. This petition was subsequently amended, petitioner seeking temporary primary physical custody until trial of the custody issues. Respondent filed various petitions seeking to hold petitioner in contempt and an order of protection. All of the petitions were tried in October 1998. Family Court awarded petitioner sole legal and physical custody of the infant with visitation in favor of respondent. Each of respondent's petitions was dismissed. Respondent now appeals.

On appeal, respondent argues that a sufficient change in cir-

cumstances was not established to warrant a change in custody and that the award of custody to petitioner lacks a sound and substantial basis in the record. The Law Guardian contends that there is sufficient evidence of change in circumstances to warrant modification of the custody arrangement and that the award of custody to petitioner was in the child's best interest despite the resultant separation of half-siblings.

In considering the issue of custody, Family Court was required to determine the best interest of the child under the totality of the circumstances (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94). In making a custody determination, a variety of factors must be considered, no single factor, in and of itself, being determinative (*see, id.*). Consequently, the custody provisions of the parties' separation agreement is only a single factor to be considered and will not prohibit modification of the preexisting custody arrangement upon an adequate showing of a change in circumstances (*see, Friederwitzer v Friederwitzer, supra*, at 94-95; *Matter of Carpenter v La May*, 241 AD2d 625, 626).

There was more than sufficient evidence presented to support Family Court's determination that a change of circumstances had occurred and that it was in the best interest of the infant to award custody to petitioner. The record reveals that during the year before the hearing, respondent's life was chaotic and stressful; respondent had been evicted from her residence and was not working; respondent had been the subject of spousal abuse by her husband and was in the midst of a second divorce. Additionally, in June 1998, respondent pleaded guilty to assault in the third degree and resisting arrest and was placed on probation for a term of three years. The record clearly establishes that joint custody of the infant is no longer appropriate in light of the parties' inability to maintain civility in exchanging the child (*see, Matter of Oseid v Daugherty*, 254 AD2d 600, 601).

In contrast, petitioner was self-employed and owned his own home. The determination of Family Court is further supported by the child's expressed wish to live with petitioner and the sworn testimony of professional and lay witnesses. Although both petitioner and respondent abused alcohol to some degree, only petitioner demonstrated a willingness to affirmatively deal with the problem. On the other hand, respondent's claim of abstinence from alcohol was found to be incredible by Family Court in the face of her positive urine test for alcohol and opiates. Clearly, Family Court carefully considered all relevant factors, including "the quality and stability of the respective

home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Perry v Perry*, 194 AD2d 837; *accord*, *Matter of Oseid v Daugherty*, *supra*, at 601).

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.