■ In the Matter of DAWN M. CIANNAMEA, Formerly Known as DAWN M. FRIGULETTO-McCOY, Appellant, v GARY J. McCOY, Respondent. [760 NYS2d 774] —Kane, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered March 4, 2002, which, inter alia, partially granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to the parties' 1996 divorce judgment, as slightly modified in 1998, they shared joint legal custody of their daughter with petitioner maintaining primary physical custody and respondent having visitation on alternate weekends, Wednesday evenings and certain holidays. In June 2001, respondent petitioned for sole custody alleging that petitioner made derogatory remarks about him in the child's presence, frustrated his relationship with the child, refused to inform him of the child's counseling, and fabricated claims that he sexually abused petitioner's oldest daughter. Petitioner filed a petition seeking to have respondent's visitation terminated or at least supervised based on the sexual abuse allegations. After trial, Family Court dismissed petitioner's petition and partially granted respondent's petition by continuing joint legal custody, transferring primary physical custody to respondent, scheduling visitation for petitioner, requiring counseling for the child, and requiring respondent to be evaluated by a sex offender therapist. Petitioner appeals.

Petitioner argues that Family Court failed to properly weigh and consider the various factors involved, and that its decision is against the weight of the evidence. A modification of an established custodial arrangement will be granted only after a showing of a substantial change in circumstances warranting a change in order to insure the best interests of the child (*see Matter of Meola v Meola,* 301 AD2d 1020, 1021 [2003]; *Matter of Morgan v Becker,* 245 AD2d 889, 890 [1997]). In determining the best interests of the child, the primary consideration here (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]), the court "must consider such relevant factors as maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (*Matter of Fletcher v Young,* 281 AD2d 765, 767 [2001]; *see Matter of Huff v Keely,* 249 AD2d 844, 845 [1998]).

While the prior custodial arrangement is a consideration, less weight will be accorded to an uncontested stipulation than an order issued after a full hearing (*see Eschbach v Eschbach, supra* at 172; *Matter of Glaser v McFadden,* 287 AD2d 902, 905 [2001]). As Family Court had an opportunity to assess witness credibility, its determination must be afforded great deference and will not be disturbed if supported by a sound and substantial basis in the record (*see Matter of Fletcher v Young, supra* at 767).

Family Court properly considered the relevant factors, specifically finding respondent and his witnesses more credible than petitioner. The court determined that both parents could provide suitable residences, financially provide for the child and had adequately cared for the child in the past, but petitioner regularly disparaged respondent in front of the child, allowed others within her household to do likewise and prevented respondent from fully participating in major decision-making regarding the child (*compare Matter of Belden v Keyser,* 206 AD2d 610, 611 [1994]). "As the fostering of a relationship with the noncustodial parent is an important consideration in a custody determination" (*Matter of Esterle v Dellay,* 281 AD2d 722, 726 [2001] [citation omitted]; *see Matter of Murray v McLean,* 304 AD2d 899, 901 [2003]; *Matter of McGivney v Wright,* 298 AD2d 642, 643 [2002], *lv denied* 99 NY2d 508 [2003]), there was a substantial basis in the record to find that petitioner's continuous conduct was detrimental to promoting the child's continuing relationship with respondent and constituted a change in circumstances supporting a transfer of custody to respondent, who has "a greater ability to handle the antagonistic nature of the parties' relationship in a positive manner for the welfare of the child[ ]" (*Matter of Morgan v Becker, supra* at 891; *compare Matter of Huff v Keely, supra* at 845). Although the psychologist who conducted the court-ordered examination could not make a recommendation because he felt the best arrangement was "clinically uncertain," the Law Guardian, who had been involved since the 1998 custody order and offered particular insights based on his participation throughout the proceedings, supported the court's determination.

While petitioner relies heavily on her oldest daughter's recent allegations of sexual abuse by respondent during the marriage seven years earlier, the report of a sexual abuse evaluation procured by the Schenectady County Department of Social Services found the child's presentation to be inconsistent with the cluster of symptoms and dynamics of sexual abuse,

and the child protective report was unfounded. Additionally, there was testimony indicating that petitioner had threatened to fabricate similar accusations months before disclosure of the alleged abuse in an effort to terminate or inhibit respondent's contact with their daughter. Family Court expressed its skepticism of the sexual abuse allegations and specifically found that the child's safety would not be jeopardized by residence with her father. Nevertheless, at the urging of the Law Guardian, the court took measures to protect the child by requiring respondent to undergo an evaluation by a licensed therapist dealing with sex offenders and participate in any recommended treatment until clinically discharged (compare Matter of Oseid v Daugherty, 254 AD2d 600, 602 [1998]).

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.