■ In the Matter of GERALD J. SMITH, JR., Respondent, v PAULETTE M. MILLER, Appellant. (And Two Other Related Proceedings.) [772 NYS2d 742]—

Kane, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered January 14, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties, parents of a child born in 1995, separated when the child was three years old. The prior consent order provided for joint legal custody, primary physical custody to the mother and substantial weekly visitation to the father. Problems with transferring the child arose, mainly due to the parties' inability and unwillingness to communicate effectively. Both parties filed petitions in Family Court alleging violations of the prior order, with the father also seeking a modification of custody. After a lengthy hearing, the court found that the father committed a nonwillful violation of the prior order and the mother committed several willful violations, but no sanctions were imposed for those violations. The court also terminated joint custody, granted the father sole legal and primary physical custody, and provided substantial visitation to the mother. The mother appeals.

Initially, Family Court properly excluded the mother's journal from evidence. Despite attempts to admit it as a past recollection recorded, her own attorney earlier objected to its disclosure as a document prepared for litigation. Additionally, the docu-

ment included hearsay, the mother admitted that some entries were not made contemporaneously with the events in question, and she had the opportunity to refresh her recollection from it as often as she wished during the hearing. Its admission would have been improper.

An established custodial arrangement will be modified only after a showing of a substantial change in circumstances which indicates that a change in custody will serve the best interests of the child (*see Matter of Ciannamea v McCoy*, 306 AD2d 647, 647 [2003]). The continued deterioration of the parties' relationship, as evidenced by the numerous intentional violations of the visitation portions of the prior order, constituted a significant change in circumstances justifying a modification to sole custody (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]). Significantly, the parties and the Law Guardian all agreed that joint custody was not feasible based on the parties' acrimonious relationship and inability to cooperate in parenting their child. Family Court properly terminated joint custody.

After establishing a significant change in circumstances, Family Court's primary consideration became who would be the appropriate custodian. The court was required to determine the best interests of the child by considering various factors, such as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent (*see Matter of Ciannamea v McCoy, supra* at 647; *Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]). Because the court properly considered these factors and the father met his burden of proving that custody with him would promote the child's best interests, we affirm.

The mother committed multiple intentional violations of the prior court order. Although the violations alone would be insufficient to justify a change of residential placement (*see Matter of Parkhurst v McFall*, 1 AD3d 78, 79-81 [2003]), there was evidence that the mother's interference with the relationship between the child and the father was having an adverse psychological and emotional impact on the child. The parties stipulated to the admission of a psychologist's comprehensive report detailing his thorough forensic evaluation. The report's findings and conclusions, which went unchallenged by the parties, indicated that the child had a deep emotional attachment to both parents, that he was distressed, depressed and acting out as a result of

the constant conflict and turmoil he was forced to endure, that if the mother could not overcome her resentment of the father and try to cooperate with him to coparent then custody to the father would be recommended, and that the child would do well in the father's care. Even after the report was made available to the parties, and despite its plea that the mother cooperate in making the child available, the mother again denied visitation between the father and child in violation of the court order. Under the circumstances, there was sufficient evidence to support a finding that the mother has not promoted and encouraged a relationship between the father and child, and likely would not do so in the future.

The evidence also indicated that the father had sufficient housing and available consistent daycare with the child's grandmother. In fact, the father lived with the child's grandmother in a house where the child had resided in the past. Extended family lived nearby and the child would attend a school he had previously attended. As the father's home is appropriate, he is a capable parent and the mother continued to interfere with the father-child relationship and violate the prior court order to the detriment of the child, Family Court properly granted the father custody.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.