■ In the Matter of ARTHUR R. CLARKE, Appellant, v MICHELLE CLARKE, Respondent. LYNNE E. ACKNER, as Law Guardian, Appellant. (And Another Related Proceeding.) [774 NYS2d 599]—

Lahtinen, J. Appeal from an order of the Family Court of Essex County (Halloran, J.), entered October 31, 2002, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for sole custody of the parties' child.

Petitioner and respondent are the parents of one child, born in 1997. The parties separated in 1999 and respondent retained physical custody of the child. In December 2000, Clinton County Family Court issued a custody order directing joint legal and physical custody with visitation by mutual agreement. Also in December 2000, petitioner took physical custody of the child. because respondent was hospitalized for drug and alcohol abuse coupled with mental health problems. After respondent's health improved, the child resumed living with her until October 2001 when the child returned to petitioner because of the inadequate facilities in which respondent resided.

In November 2001, petitioner commenced this proceeding seeking to modify the December 2000 order by granting him sole custody of the child. Respondent filed a violation petition in March 2002. Although the judgment of divorce is not in the record, there was uncontroverted testimony that a judgment of divorce was entered in May 2002 and it granted petitioner physical custody of the child. Indeed, in her brief, respondent acknowledges that "physical custody to the father was confirmed in a judgment of divorce that became final in May . . . 2002." Notwithstanding the apparent terms of the judgment of divorce with respect to custody, a hearing was held in October 2002 regarding petitioner's request to modify the December 2000 order. At the hearing, the Law Guardian proposed that physical custody remain with petitioner. Although respondent had not petitioned for physical custody, Family Court granted joint custody to the parties with physical custody to respondent. The violation petition filed by respondent was dismissed. Petitioner and the Law Guardian appeal.

Petitioner and the Law Guardian contend that Family Court erred in placing physical custody with respondent. Initially, we observe that it is uncontested that the judgment of divorce— which was entered after this proceeding was commenced— granted petitioner physical custody and respondent had not thereafter made any application to modify that provision of the judgment of divorce. It thus appears that there was no reason for a hearing regarding that issue. To the extent that a hearing

on petitioner's application to modify Family Court's December 2000 order was proper, it is well settled that an existing custody arrangement should not be altered unless there has been a change in circumstances such that the best interests of the child would be served by an alternate arrangement (*see Matter of Crocker v Crocker*, 307 AD2d 402, 402 [2003], *lv denied* 100 NY2d 515 [2003]; *Matter of Ciannamea v McCoy*, 306 AD2d 647, 647 [2003]). Here, Family Court did not articulate any changes in circumstances that occurred between the time that petitioner took physical custody of the child and the time of the hearing that would support altering the child's existing physical custody arrangement. While this Court has the power to review the record to determine whether such changes—although not addressed before Family Court—nevertheless are present (*see Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]), we do not find sufficient evidence of changed circumstances in this record to justify a modification of physical custody. Indeed, the proof indicated that both parties were exhibiting acceptable parenting skills and the child was content while with each. The record does not support the conclusion that the best interests of the child required a change of physical custody. Accordingly, it was error for Family Court to modify custody.

We note that no application was made in this Court for a stay of Family Court's order and it thus appears that the child has now been residing since October 2002 with respondent, who lives in a different school district than petitioner. However, the parties also had a history of shuttling physical custody as their respective circumstances changed. In light of such history, as well as the importance of stability for the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]) and the uncertainty of the child's status since October 2002, the matter must be remitted to Family Court for such further proceedings as may be necessary to protect the best interests of the child. To avoid further upheaval in the child's life, Family Court's order will remain in effect as a temporary order until further order from that court.

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded respondent physical custody; matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this Court's decision, and the order entered October 31, 2002 shall remain in effect as a temporary order; and, as so modified, affirmed.