In the Matter of MATTHEW CRIPPEN, Respondent, v MANDY KEATOR, Appellant. (And Three Other Related Proceedings.) [779 NYS2d 300]—

Cardona, P.J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered July 25, 2003, which, inter alia, granted petitioner's application, in a proceeding pur-

suant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 1997). The parties stipulated to a January 2002 Family Court order providing for joint custody of the child, with primary physical custody to the mother and visitation to the father. In August 2002, upon agreement, that previous order was modified to provide, among other things, that the mother was prohibited from relocating with the child or removing her to a different school district without a written agreement between the parties or a court order. Over the next several months, the father filed three petitions alleging that the mother had violated the terms of the custody order by, among other things, denying him visitation and/or moving with the child without his permission or a court order. The father also petitioned for sole custody of the child. Following a hearing, Family Court determined that the child's best interest would be served by awarding sole custody to the father, with visitation to the mother.

On this appeal, the mother's sole contention is that Family Court failed to accord the existing child custody order its proper weight when determining whether modification was warranted. It is true that since stability in a child's life is presumed to be in the child's best interest (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]), an existing custody order should not be modified unless there is "a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903, 903 [1992]; *see Matter of Dickinson v Dickinson,* 309 AD2d 994, 995 [2003]; *Matter of Fortner v Benson,* 306 AD2d 577, 577-578 [2003]). However, an existing arrangement that is based upon a stipulation between the parties "is entitled to less weight than a disposition after a plenary trial" (*Matter of Carl J.B. v Dorothy T.,* 186 AD2d 736, 737 [1992]; *see Matter of Murray v McLean,* 304 AD2d 899, 899 [2003]; *Matter of Glaser v McFadden,* 287 AD2d 902, 905 [2001]), and is only one of many factors to be considered in determining whether modification is appropriate (*see Eschbach v Eschbach, supra* at 171-172).

In this proceeding, Family Court acknowledged the prior stipulated child custody order but, nonetheless, after considering various relevant factors, determined that the circumstances of this case warranted a change in custody to serve the child's best interest. In our view, Family Court appropriately considered the prior custodial arrangement and we cannot say that its modification of the order was an abuse of discretion.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.