■ In the Matter of K. GILBERT VAN ZANDT, Appellant-Respondent, v MELISSA C. SAUERS, Respondent-Appellant. CATHERINE CHARUK, as Law Guardian, Appellant. (And Two Other Related Proceedings.) [784 NYS2d 240]—

Kane, J. Cross appeals from an order of the Family Court of Ulster County (Work, J.), entered April 11, 2003, which dismissed the parties' applications, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of one child born in July 1998. Pursuant to a February 2000 custody order entered on the par-

ties' consent, the parties shared joint legal custody and each parent had physical custody for half of each week. The father filed a custody petition in November 2000 seeking sole custody based on allegations that the child suffered an inordinate number of injuries and bruising while in the mother's care, and the mother refused to participate in speech therapy for the child. The mother filed a cross petition seeking sole custody based on the father's continuing accusations of abuse and reports to child protective services. She filed another petition seeking sole custody for herself and supervised visitation for the father based on further harassment and reports of abuse. After a lengthy hearing, Family Court found that there was an insufficient change in circumstances to warrant a modification to sole custody, but modified the physical custody arrangement in light of the child entering school. The court granted the mother primary physical custody, with visitation to the father two days each week, and shared holidays and vacations. Both parties and the child's Law Guardian appeal. We reverse and remit for further proceedings.

Joint custody is not feasible where the parties have an acrimonious relationship or refuse to communicate with each other in order to effectively coparent their child (see Matter of Smith v Miller, 4 AD3d 697, 698 [2004]; Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 985-986 [2003]). On appeal, both parties and the Law Guardian argue that Family Court's award of joint custody was incorrect. Here, the parties' relationship is so acrimonious that efforts that were made to meet the child's recognized medical and educational needs were countermanded or ignored, thereby compromising the child's health and welfare. Clearly, these parents will not effectively communicate with each other in order to jointly make decisions regarding their child, such that sole custody is required here (contra Matter of Hrynko v Blaha, 271 AD2d 714, 716 [2000]; Matter of Thompson v Thompson, 267 AD2d 516, 519 [1999]).

The issue then becomes to whom sole custody should be granted. The child's circumstances have significantly changed in the 1½ years since Family Court issued its order. He is now six years old, has been through one year of school, has lived in his mother's primary custody for over a year, the father may or may not have relocated to Florida, and at the time of the order the mother had recently commenced a new living arrangement with a man and his three children, none of whom were evaluated by the court. Because we are unaware of the parties' and child's current circumstances, we remit the matter for Family Court to determine which parent should be the child's sole legal

custodian. Based on testimony regarding the mother's neglect of the child's medical needs and evidence of unexplained injuries the child received while in the mother's care, any hearing on this matter should occur in an expedited manner.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, matter remitted to the Family Court of Ulster County for a hearing to determine which parent should be the child's sole legal custodian, and pending said hearing, the present order shall remain in full force and effect.