■ In the Matter of JENNIFER CAREY, Respondent, v TERRANCE KIMBALL, Appellant. [790 NYS2d 276]—

Kane, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered December 1, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the divorced parents of two boys, now five and 10 years old. A prior stipulated custody order awarded joint legal custody, pursuant to which respondent had the children from Monday through Wednesday morning, petitioner had them from Wednesday through Friday and the weekends were alternated. Respondent lives in Schenectady County, where the oldest child was enrolled in school, while petitioner and her husband live in Saratoga County. Petitioner commenced this proceeding to modify the custody arrangement in order to provide more stability for the children. After a hearing, Family Court modified the custody and visitation order by continuing joint legal custody but modifying the time that the children spend with each parent. Pursuant to the new order, the children are enrolled in petitioner's school district and respondent has the children every Tuesday evening to Wednesday morning, Thursday evening through Sunday every other week, four weeks in the summer, and every February and April vacation. Respondent appeals.

The record supports Family Court's modification of the custody schedule. A modification of a prior order will be granted only upon "a showing of a substantial change in circumstances warranting a change in order to insure the best interests of the child[ren]" (*Matter of Ciannamea v McCoy*, 306 AD2d 647, 647 [2003]; *see Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]). An existing custodial arrangement based on the parties' stipulation is entitled to less weight than one based on an order issued after a fact-finding hearing (*see Matter of Crippen v Keator, supra* at 536; *Matter of Ciannamea v McCoy, supra* at 648). Petitioner established a sufficient change in circumstances. The prior stipulated order was entered when the older child had just entered school. Three school years had elapsed and the children had not developed any neighborhood social relationships at respondent's residence, which is attributable in part to respondent's work schedule and in part to the split physical custody during the school week. Evidence showed that the children had more friends near petitioner's home, and petitioner provided in-home after-school care for the children which

permitted them to enjoy a better quality of social life in her neighborhood and school district. Based on the children's ages and increased need for social and emotional development, it was entirely reasonable for the court to alter the days when the children would be with each parent, as well as the school district enrollment. Despite the change in the weekly schedule, the number of days spent with each parent throughout the course of the year remains similar to the numbers under the prior order. As the court's determination has a substantial basis in the record, we give the court deference and will not disturb its findings (*see Matter of Kubista v Kubista*, 11 AD3d 743, 744-745 [2004]).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.