■ In the Matter of TERRENCE Q. WILLIAMS, Appellant, v JILL M. REYNOLDS, Respondent. [789 NYS2d 769]—

Crew III, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 26, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in violation of a prior order of visitation.

Petitioner and respondent are the biological parents of a child born in 1998. By order entered November 19, 2001, respondent was granted sole custody of the minor child, and petitioner, who was and remains incarcerated in a state correctional facility, was granted a minimum of four visitations each year. Respondent failed to facilitate the ordered visitations, prompting petitioner to commence a violation proceeding and to seek modification of the prior order of visitation. Following a nonjury trial, respondent was found to have willfully violated the terms of the November 2001 order and, by order entered April 1, 2003, Family Court suspended judgment on such finding upon the condition that respondent comply with all future court orders.

As to the specific relief requested by petitioner, Family Court awarded petitioner five visits each year with his son (four regular and one compensatory) beginning in March 2003. Pursuant to the terms of this order, petitioner was to make the necessary transportation arrangements for the child and one adult to accompany him or otherwise provide funds for such transportation.

Petitioner thereafter commenced the instant proceeding in January 2004 alleging that respondent violated the terms of Family Court's April 2003 order by relocating to an unknown location and failing to make any attempt to obtain funds from petitioner in order to facilitate the mandated visitations. Family Court dismissed petitioner's application, prompting this appeal.

We affirm. Petitioner, as so limited by both his brief and the underlying violation petition, objects to respondent's relocation and asserts that compelling him to bear the transportation costs associated with the court-ordered visitations effectively denies him any meaningful visitation with his child. Neither of these claims warrants extended discussion. Initially, there simply is nothing in Family Court's April 2003 order that requires respondent to reside in a particular locale or expressly limits her ability to relocate. As to the issue of transportation costs, we need note only that throughout the course of the February 2003 trial in this matter, petitioner and/or his attorney repeatedly offered for petitioner to bear the costs of transporting the child and one adult to the prison for such visitations. Specifically, the colloquy between counsel and the court reveals that petitioner either would provide a bus ticket for the child and an adult to accompany him or, in the event that respondent's mother was able and willing to drive the child to visitations, arrange to provide respondent's mother with gas money.

In short, it is clear from both the underlying transcript and the terms of the April 2003 order that petitioner agreed to bear the transportation costs and, having done so, cannot now be heard to complain. It is equally clear that while respondent indeed was obligated to facilitate the visitations, it was petitioner's responsibility to make the necessary transportation arrangements. Hence, his claim that respondent failed to approach him in this regard is unavailing. Finally, to the extent that petitioner suggests that his incarceration makes it "near[ly] impossible" to fund the visitations, petitioner was well aware of his living arrangements and financial resources at the time he offered to bear the transportation costs.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.