In the Matter of BRETT M. VICKERY, Appellant, v KIM R. VICKERY, Respondent. [812 NYS2d 180]——

Cardona, P.J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered March 25, 2005, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties to this proceeding are the parents of two sons (born in 1995 and 1999). In January 2004, pursuant to their stipulation, Family Court issued an order granting them joint legal custody, with primary physical custody to respondent. Petitioner was granted, inter alia, overnight visitation for two weekday nights and on alternating weekends.

Petitioner commenced this proceeding in September 2004 alleging that his visitation schedule should be amended to accommodate his new work schedule.* Following a hearing at which each party testified, Family Court dismissed the petition upon respondent's motion, prompting this appeal.

According deference to Family Court's findings, we find that petitioner has not established a "sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Markey v Bederian*, 274 AD2d 816, 817 [2000]; *see Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005]; *Matter of Ruller v Berry*, 19 AD3d 814, 815-816 [2005], *lv denied* 6 NY3d 705 [2006]; *Redder v Redder*, 17 AD3d 10, 12-13 [2005]). Although an order based upon the parties' stipulation, as presented herein, is entitled to less weight than one derived from a full fact-finding hearing (*see Matter of Carey v Kimball*, 15 AD3d 797, 798 [2005]; *Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), we, nonetheless, afford considerable significance to the fact that the existing arrangement appears to embody a schedule to which the children

* Although the parties had additional petitions before Family Court, they were withdrawn at the hearing in this matter.

have long been accustomed. Moreover, there is no indication that the existing schedule has resulted in a decline in the parties' ability to cooperate for the good of the children (*see Matter of Blanchard v Blanchard,* 304 AD2d 1048, 1049 [2003]) or has otherwise impaired the children's overall well-being (*compare Matter of Cuozzo v Ryan,* 307 AD2d 414, 415 [2003]). Nor is there clear evidence that the schedule proposed by petitioner would actually serve the children's best interests (*see generally Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). Accordingly, inasmuch as there exists a sound and substantial basis in the record for Family Court's determination, we decline to disturb it (*see Matter of Hitchcock v Kilts,* 4 AD3d 652, 654 [2004]).

Petitioner also claims that Family Court erred in granting respondent's motion to dismiss since the Law Guardian requested a continuance to further interview the children before the motion was decided. We do not agree. While we emphasize that a Law Guardian, as counsel to children involved in Family Court proceedings, should be afforded every opportunity to play an active role in the process to effectively represent the interests of his or her client (*see* Family Ct Act § 241; *Matter of Carballeira v Shumway,* 273 AD2d 753, 754-755 [2000], *lv denied* 95 NY2d 764 [2000]; *Matter of White v White,* 267 AD2d 888, 890 [1999]), we conclude that such an opportunity was presented in this case. We note that this is not a situation where the Law Guardian was denied a request for a *Lincoln* hearing. Furthermore, the Law Guardian's representation of the children had been in place for months at the time of the hearing and there is no indication that the Law Guardian was prevented from speaking with his clients prior to the hearing. Moreover, the Law Guardian was afforded the opportunity to make an opening statement, effectively cross-examined both petitioner and respondent, and was heard on respondent's motion. Under the particular circumstances herein, we do not conclude that Family Court erred in failing to grant a continuance (*cf. Matter of Kaczynski v Van Amerongen,* 284 AD2d 600, 603 [2001]; *compare Matter of Jamie EE.,* 249 AD2d 603, 605-606 [1998]).

Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.