■ In the Matter of Sharon L. Neeley, Appellant, v Kevin T. Ferris, Respondent. [880 NYS2d 740]—

Kavanagh, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered May 27, 2008, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody and visitation.

When petitioner (hereinafter the mother) and respondent (hereinafter the father) were married, they resided with their two children (born in 1995 and 1998) in the City of Syracuse, Onondaga County. After their divorce, the children resided with the mother and later, pursuant to an order entered in December 2002, the mother was granted full custody of the children and was allowed to move with them from Syracuse to her new residence in Saratoga County. The father, in this same order, was granted the right to have the children stay with him at his residence in Syracuse on alternating weekends throughout the school year, as well as during the annual February winter recess.[1] The children would alternate time between the parents during

---

1. The father was also awarded visitation with the children for the entire summer, beginning on the first day after the school year ended and continuing until the day prior to the school year commenced in the fall. The children would spend one week and every other weekend with the mother, until they had to return to Saratoga County to begin the school year. In April 2004, the father had brought a violation petition that resulted in a May 2004 amended order.

other periods when school was not in session during the school year.

In October 2007, the mother filed this petition seeking a substantial modification of the visitation schedule as incorporated in the December 2002 order. Specifically, she sought an order that would allow the children to spend all but two weeks of the summer with her, and one week in Boy Scout camp. She asked that visitation during the annual February winter recess period be alternated each year between the parents, and that the father be required to share in the cost, as well as the responsibility, for transporting the children between Saratoga County and Syracuse for visitation. She also asked Family Court to impose certain restrictions on the father's conduct while the children resided at his home in Syracuse. Specifically, she asked that he not be permitted to display any firearms in the home while the children were present and that a limit be placed on their access to television and video games. Finally, the mother asked that the father be required to communicate with her regarding the condition of the children at the end of each visitation period.

During the fact-finding hearing held on this petition, the father agreed not to display any firearms in the home while the children were present and to communicate with the mother by letter after each visitation period. He also promised that the children would keep all appointments they had with their psychiatrist and clinical social worker while they were in his care. After the hearing, Family Court issued an order that further modified the existing arrangement by directing that the children begin their summer visitation period with the father on the Sunday after the school year ended, and that each child be allowed to attend Boy Scout camp, with the week devoted to camp being allocated to each parent's visitation period on an alternating basis each year. The court also extended the father's weekend visitation with the children to include any holiday that fell on the weekend and directed that he drive the children back to the Saratoga County area at the end of one weekend visit each month during the school year. The mother now appeals.

The mother takes exception to Family Court's refusal to further modify the visitation schedule as it now exists when the children are on summer vacation. An order of visitation cannot be modified unless there has been a sufficient change in circumstances since the entry of the prior order which, if not addressed, would have an adverse effect on the children's best interests (see Matter of Chase v Benjamin, 44 AD3d 1130, 1131 [2007]; Matter of Vickery v Vickery, 28 AD3d 833, 833 [2006]).

Here, Family Court found that a change in circumstances had occurred since the entry of the prior order due to the impact the increase in the price of gasoline had on the cost incurred by the mother in transporting the children for their visitation, as well as the demands placed on each child by having to travel so often between Syracuse and Saratoga County and the impact the visitation schedule had, in particular, on the emotional and medical needs of the parties' youngest child. In that regard, Family Court fashioned an order that sought to adjust the visitation schedule to address these concerns and any resulting change in each child's circumstance. However, the mother argues that the changes made by Family Court did not go far enough, and that the children's needs can only be reasonably addressed by an order that requires them to spend the majority of their summer vacation in her care at their home in Saratoga County.

The paramount concern in any custody or visitation determination is the best interests of the children (see Matter of Laware v Baldwin, 42 AD3d 696, 697 [2007]; Matter of Filippelli v Chant, 40 AD3d 1221, 1222 [2007]). This visitation schedule has been in place for five years and, as designed, constitutes a constructive effort to ensure that each parent has meaningful contact during the year with their children. With that objective in mind, the schedule provided for the children to spend much of the school year with their mother and a good part of their summer vacation with their father. The social, academic and emotional issues that each child presently experiences as identified by the mother are not new and, during the time that this schedule has been in place, have been effectively treated with medication and counseling. In addition, Family Court's order adopts, in large measure, the recommendation of the children's mental health providers by allowing each parent meaningful time with their children and, at the same time, ensures that each child attends camp in the summer, regularly receives their prescribed medications and continues to treat with their therapist throughout the entire year. Given the modifications made by Family Court to the existing schedule, there is no reason to conclude that further changes—other than those that are noted below—are needed to protect the children's best interests (see Tait v Tait, 44 AD3d 1142, 1143 [2007]; Matter of Robertson v Robertson, 40 AD3d 1219, 1220-1221 [2007]; Matter of Vickery v Vickery, 28 AD3d at 833).

In that regard, we do agree with the mother that the children should be allowed to return to their home in Saratoga County from summer vacation earlier than the last day before the start

of the school year as called for in the existing order. Given that more than one day is needed to allow the mother to make adequate preparations for each child's return to school, the order should be altered to provide for their return to the mother's home in Saratoga County no later than five days prior to the commencement of the new school year. Further, while we concur with the decision to allow the children to attend Boy Scout camp each summer, that week should not count against any time they might otherwise spend with the mother during this period. Such an arrangement would seriously compromise the amount of time that she would have with the children during the summer and, as such, is not in their best interests (*see generally Matter of Laware v Baldwin*, 42 AD3d at 697; *Matter of Horike v Freedman*, 37 AD3d 978, 980 [2007]). Therefore, the order will be amended so that the mother's time with the children during their summer vacation will not be affected by their attendance at Boy Scout camp.

The mother takes issue with Family Court's decision to provide the father with additional time with the children on those weekends that fall on a holiday. Even though the father did not request such an extension, we do not believe that Family Court's decision in that regard lacked "a sound and substantial basis in the record and discern no basis for disturbing its broad discretion in fashioning the subject schedule" (*Tait v Tait*, 44 AD3d at 1143 [citation omitted]).

The mother further claims that Family Court erred by refusing to order that the children's annual February winter recess alternate each year between the parents. The mother argues that the court failed to incorporate such a change in its final ruling, even though it made a factual finding that all recesses or vacations taken by the children during the school year should result in their being placed with the parents on an alternating basis. However, a clear reading of the transcript indicates that the court, in making this statement, was merely summarizing the mother's position on this issue, and its ruling, when viewed in its proper context, was completely consistent with its factual findings and had a sound and substantial basis in the record (*see Matter of Bjork v Bjork*, 58 AD3d 951, 952 [2009]).

The mother also appeals from Family Court's refusal to require that each party share equally in the cost, as well as the responsibility, for transporting the children to facilitate visitation with their father. The court did modify its prior order and now requires the father to assume the responsibility of returning the children to the mother's home in Saratoga County once each month during the school year. It refused to require the

father to assume more of this responsibility because the mother not only moved the children from Syracuse to Saratoga County in violation of a prior court order, but, also, as a condition to her being allowed to reside with the children in Saratoga County, the mother agreed to provide "transportation to implement the weekend visitation" with the father. Under the circumstances, nothing has been presented that would warrant any additional changes in this arrangement as it is now set forth under the existing order (*see generally Matter of Williams v Reynolds*, 15 AD3d 799, 799-800 [2005], *lv denied* 5 NY3d 701 [2005]).

We do, however, find that the order should be amended as to require the father to use a location closer to the mother's residence when he returns the children to Saratoga County once each month during the school year. Because the location chosen by Family Court is on the State Thruway, it results in the children spending an additional hour in the car in travel time than would otherwise be required if another location were chosen. While we realize that the father is not responsible for transporting the children under the terms of the original custody order, we note that he did not appeal from Family Court's order directing him to partially share in this responsibility and, further, that a slight modification in this arrangement is clearly in the children's best interests.[2]

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the facts, without costs, by directing that the children's attendance at Boy Scout camp for one week each summer shall not affect petitioner's week of summer visitation, the children shall be returned to petitioner's care at the end of each summer vacation no later than five days prior to the commencement of the school year, and respondent shall drop off the children at the McDonald's restaurant closest to petitioner's residence in Saratoga County, and, as so modified, affirmed.

---

**2.** The mother's suggestion of a McDonald's restaurant located nearest her home would effectively address this issue and satisfy this requirement.