Matter of Yount v Yount (2021 NY Slip Op 07428)





Matter of Yount v Yount


2021 NY Slip Op 07428


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1041 CAF 21-00511

[*1]IN THE MATTER OF DANIEL P. YOUNT, II, PETITIONER-RESPONDENT,
v
SARAH A. YOUNT, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Jefferson County (Donald VanStry, R.), entered September 15, 2020 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner visitation with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that modified a prior custody and visitation order by, inter alia, granting petitioner father visitation with the subject child during a specified period each summer. Contrary to the mother's contention, Family Court did not abuse its discretion in awarding the father extended visitation during the child's summer school break. Although the result of the order is that the child will spend "a good part of [her] summer vacation with [her] father" (Matter of Neeley v Ferris, 63 AD3d 1258, 1260 [3d Dept 2009]), the father had relocated out of state, which had significantly reduced his visitation during the school year, and the order directs that the father return the child sufficiently before the school year begins to permit the child and the mother to adjust their schedules (see generally Matter of Alvarado v Cordova, 158 AD3d 794, 795 [2d Dept 2018]). Consequently, there is a sound and substantial basis in the record for the determination "that expanded [summer] visitation with the father would serve the [child's] best interests" (Matter of Nicholas v Nicholas, 107 AD3d 899, 900 [2d Dept 2013]; see also Matter of Winston v Gates, 64 AD3d 815, 818 n 2 [3d Dept 2009]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court